[No. 1436.]

R. A. Houston and G. B. Baker v. The State.

1. Scire Facias—Practice.—Writ of error lies to this court in *scire facias* cases.
2. Same—Evidence.—A proceeding upon a forfeited bail bond is essentially . a suit upon the bond, wherein the *scire facias* is both petition and citation. As the bond is the foundation of the suit, the judgment *nisi* is the judicial declaration of forfeiture, and its production in evidence is essential to the support of a final judgment.

Error from the County Court of Gonzales. Tried below before the Hon J. S. Conway, County Judge.

The error in this case was prosecuted from the forfeiture of the appearance bond of John G. Hester, bailed under a charge of the theft of sheep under twenty dollars in value. The amount of the bond and judgment was two hundred dollars.

The opinion sufficiently discloses the case.

*Fly & Davidson*, for the appellants.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, J. In accordance with the opinion of this court in *Hart* v. *The State*, this day rendered, *ante*, page 555, the motion of the assistant Attorney General to dismiss the writ of error in this case is overruled.

A proceeding upon a forfeited bail bond is, in effect, a suit upon the bond, in which the *scire facias* serves the purpose of both a petition and a citation. Its foundation is the bond and the judicial declaration of the forfeiture of the bond, which is the judgment *nisi*. To entitle the State to a judgment final, it must prove the cause of action as in a civil suit. This proof is made by, first, the bond, and, second, the judgment *nisi* declaring its forfeiture.

In this case the judgment *nisi* was not introduced in evidence, and therefore the proof is insufficient to support the judgment final; and for this reason the judgment must be reversed.

None of the other assignments of error are, in our opinion, well taken.   The judgment is reversed and cause remanded.

*Reversed and remanded.*

Opinion delivered March 17, 1883.