### Ex Parte O. D. Cannon.

No. 1815. Decided June 21, 1899.

**Murder—Habeas Corpus—Practice on Appeal.**

   Where, a party arrested for murder has appealed from a judgment refusing bail upon a habeas corpus proceeding, and pending such appeal he has been arrested and is now held by virtue of a capias issued upon an indictment for said murder found since the appeal was taken, the appeal will be dismissed.

APPEAL from Robertson. Tried below, in vacation, before Hon. W. G. TALIAFERRO.

Appeal from a judgment remanding to custody, upon a habeas corpus proceeding for bail, on a charge of murder.

*T. S. Henderson, J. D. Gann,* and *Ford & Ford,* for relator.

*Rob't A. John,* Assistant Attorney-General; *J. C. Scott,* District Attorney Twentieth Judicial District; *J. L. Goodman,* and *C. W. Kinard,* for respondent.

The following motion was made to dismiss the appeal, viz:

"Now comes the State by the Assistant Attorney-General, and would show to the court that heretofore, to wit, on the 19th of June, 1899, the grand jury of Robertson County in the District Court of the district to which appellant in this cause was remanded without bail, has indicted the appellant, charging him with unlawfully and with his malice aforethought killing W. A. Gray (the deceased in this habeas corpus trial) by shooting him, the said W. A. Gray with a pistol. That said indictment is in due form, and is the identical transaction and homicide for the commission of which he was duly committed to the custody of the sheriff of Robertson County upon the hearing from which the appeal in this cause was prosecuted. That said indictment has been duly returned subsequent to the hearing of said writ of habeas corpus, and pending the appeal of the same before this court, a copy of said indictment and of the capias issued by virtue of the same, together with the return of the sheriff executing the same, is hereto attached and marked exhibits A and B, and made a part hereof. By reason of which the State would show that said appellant is no longer held by virtue of the commitment which is the basis of his restraint complained of in this cause; but the same has been abated by the indictment of the grand jury and the issuance and execution of the capias,—copies thereof being hereto attached.

"Wherefore the State would show that said application in this case now pending upon appeal for writ of habeas corpus has been abated, and the appellant's rights under the same have in law and in all things ceased. Wherefore the State prays the court that this application now pending upon appeal be dismissed.

"ROB'T A. JOHN,
"Assistant Attorney-General."

Attached to the motion was a certified copy of the indictment for murder and a certified copy of the capias and the sheriff's return thereon showing that he had arrested and was now holding appellant by virtue of the capias.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by complaint with the murder of one Gray. Being refused bail upon habeas corpus proceeding, he prosecuted his appeal to this court.

· Since the filing of the transcript here, the grand jury of Robertson County have returned a bill of indictment charging him with the murder of said Gray. Under this indictment, relator has been arrested on a capias issued from the District Court of said county, and is now held under and by virtue of said capias, and is no longer held by virtue of the complaint and process thereunder. These matters are made to appear by satisfactory evidence to this court, and motion is made by the Assistant Attorney-General to abate and dismiss this appeal because of the detention under the process of the District Court. The motion is well taken. The appeal is therefore dismissed.

*Dismissed.*