## Ex Parte Bob Forney.

### No. 2728.   Decided October 14, 1903.

**1.—Habeas Corpus—Appeal—Dismissal of.**
   Where an appeal is taken from a refusal to grant bail before indictment found, and pending the appeal on habeas corpus relator is indicted, the indictment being for the same homicide for the commission of which relator was refused bail, the appeal on a proper showing of such fact will be dismissed.

**2.—Same—Valuable or Constitutional Right—Second Writ.**
   Although relator was remanded to jail by the judge trying him under the writ before indictment found; Held, he is not deprived of any valuable or constitutional right because by the terms of the statute (arts. 206, 207, Code Crim. Proc.) he is immediately entitled to a second writ upon being arrested after indictment found.   Following Cannon v. State, 41 Texas Crim. Rep., 76.

Appeal from District Court of Nacogdoches.   Tried below before Hon. Tom C. Davis.

This is a habeas corpus appeal from a refusal of bail before indictment found.   Pending this appeal relator has been indicted for the same homicide as that for which he was refused bail in this case.

The Assistant Attorney-General moved to dismiss the appeal for the reason that indictment had been found in the district court pending this appeal.   This motion was granted.

No further statement is necessary.

*Ingraham, Middlebrook & Hodges,* for relator.

*Howard Martin,* Assistant Attorney-General, for respondent.

DAVIDSON, Presiding Judge.—This is an appeal from refusal of bail before indictment found.   The trial was had under writ of habeas corpus.   Pending the appeal relator has been indicted.   The homicide for which he is refused bail and that set up in the indictment is the same.   Motion is made by the Assistant Attorney-General to dismiss this appeal because of the filing of the indictment in the district court.   Such motion was held to be well taken in Cannon v. State, 41 Texas Crim. Rep., 76.   We have re-examined the question and believe the Cannon case is correct.   However, relator's counsel contend that the Cannon case "deprives appellant of valuable and constitutional rights, and entirely ignores article 208, Code of Criminal Procedure."

Article 208 provides: "If the accusation against the defendant for a capital offense has been heard on habeas corpus before indictment found, and he shall have been committed after such examination, he shall not be entitled to the writ unless in the special cases mentioned in articles 175 and 209."

Article 209 provides: "The accused may have a second writ of habeas corpus when he has since his trial discovered important testimony which was not in his power to formerly produce."   Article 175 provides in the

alternative that. he may be admitted to bail when it appears that by reason of some disease with which he may be afflicted his further confinement would endanger his life.   These operate in favor of defendant after bail refused, and are causes upon which a second application can be based, even after indictment found, and after a hearing on the writ after such action by the grand jury.   Where a person before indictment has been discharged or held to bail on habeas corpus, by the order of a court of competent jurisdiction, he shall not be again imprisoned or detained in custody on the accusation until after he has been indicted, unless delivered up by his bail in order to relieve themselves from liability.   Article 207 provides that under such circumstances after indict-. ment found, he may be again arrested and committed on the indictment; but shall again be entitled to the writ of habeas corpus, notwithstanding the indictment, and on the trial under the writ he may be admitted to bail if the facts in the case render it proper.   But where the indictment is found and the cause of defendant has been investigated under the writ of habeas corpus, and the order is made remanding him to custody, or admitting him to bail, he shall not again be placed in custody, unless surrendered by his bail, or when the trial of his cause commences before the petit jury.   Nor shall he be again entitled to the writ of habeas corpus except in special cases mentioned in articles 175 and 209.   So, we do not understand how relator is deprived of any valuable or constitutional right, although he was remanded to jail by the judge trying him under writ of habeas corpus before indictment found.   By the terms of the statute he is immediately entitled to a second writ upon being arrested after indictment found.   He is then held by a new and different process authorized by the law and issued by virtue of the indictment. And the moment he was- arrested upon the indictment his right to the writ of habeas corpus accrued.   What valuable or constitutional right the Cannon case takes away from him, or of what constitutional right it deprives him, is not stated by relator.   He is entitled to the writ, and if the facts justify or render it proper, it is the duty of the court on the second writ, predicated on the arrest after indictment, to grant him bail.   Cannon v. State, 41 Texas Crim. Rep., 76; Augustine v. State, 33 Texas Crim. Rep., 1; Ex parte Wilson, 20 Texas Crim. App., 498, and statutes supra.   If appellant has not resorted to his second writ he is clearly entitled to do so, and it is his right to avail himself of it under the terms of articles 206 and 207, Code Crim. Proc.   Believing the Cannon case to enunciate the correct doctrine, that it does not deprive relator of any right, we adhere to it, and sustain the motion to dismiss this appeal, which is accordingly done.

*Appeal dismissed.*