EX PARTE JIM CROSS, SR. ET AL.

No. 17077.   Delivered November 28, 1934.
Reported in 76 S. W. (2d) 773.

328

The opinion states the case.

*Bradley & Wilson,* of Lubbock, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order refusing to grant bail to Jim Cross, Sr., and in fixing the bail of Jim Cross, Jr., at $7500 before an indictment was returned by the grand jury of the county in which the offense was alleged to have been committed. The trial was had under a writ of habeas corpus. Pending this appeal, relators have been indicted by the grand jury of Crosby County.

The homicide for which the said Jim Cross, Sr., was denied bail and the homicide for which Jim Cross, Jr., was granted bail in the sum of $7500 and that set up in the indictment is the same. A motion is made by the State's attorney to dismiss this appeal because of the filing of the indictment in the district court. Such motion was held to be well taken in the case of Ex parte Cannon, 41 Texas Crim. Rep., 76; Ex parte Forney, 45 Texas Crim. Rep., 254.

Article 170, C. C. P., provides as follows: "If the accusation against the defendant for a capital offense has been heard on habeas corpus before indictment found, and he shall have been committed after such examination, he shall not be entitled to the writ, unless in the special cases mentioned in articles 137 and 171." The article above quoted gives the accused the right, after indictment found, to again sue out a writ of habeas corpus and on the trial under the writ he may be admitted to bail if the facts in the case render it proper because he is then held by a new and different process authorized by law and issued by virtue of the indictment, and the moment he is arrested upon the indictment his right to the writ of habeas corpus accrues. He cannot, however, avail himself of his former application for writ but must file a new application in his endeavor to be released on bail.

We are of the opinion that the motion to dismiss this appeal should be sustained, which is accordingly done.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.