EX PARTE BARBARA JUNE BEAL and SOYLA CARDONA.

No. 25,865. May 21, 1952.
Rehearing Denied June 25, 1952.

Hon. A. C. Winborn, Judge Presiding.

*Houchins & Goodenow,* by *Kenyon Houchins,* Houston, and *Joe M. Block,* Houston [on motion for rehearing], for appellant.

*Price Daniel,* Attorney General of Texas and *Calvin B. Garwood, Jr.,* Assistant Attorney General, Austin, for respondents, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This record reflects that appellants (relators in the court below) seek to invoke the appellate jurisdiction of this court to review the action of the trial court in refusing to discharge them from custody under a judgment adjudging them to be juvenile delinquents and committing relators to the custody of the Texas Youth Development Council.

Article 5, Section 5, of the Constitution of this state, limits the appellate jurisdiction of this court to criminal cases. The judgments sought to be here nullified are of a class declared by the legislature as appealable to the civil courts and do not

possess the requisites necessary to constitute a judgment in a criminal case. See Articles 766, 783 and 784, C. C. P.

The appellate jurisdiction of this court is not shown, and the purported appeal is dismissed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In a motion for rehearing evidencing much study and research, supplemented by able oral presentation, appellants insist that they are unjustly and without authority of law deprived of their liberty, and that the Juvenile Delinquency Act, Art. 2338-1, Vernon's R. C. S., which forms the basis of their confinement, is invalid.

As pointed out originally, appellants, for redress, seek to invoke the appellate jurisdiction of this court by an appeal to this court from the order of the district judge denying the relief prayed for.

The appellate jurisdiction of this court is, by the Constitution, limited to criminal cases. The record before us fails to reflect that appellants' incarceration or restraint is by reason of a judgment in a criminal case; no criminal statute is shown to have been violated; the judgment was not based upon a complaint, information, or indictment, and none of the requisites of a trial in a criminal case appear.

Whether the proceedings against appellants were civil in nature is not before us. Our appellate jurisdiction attaches only in a criminal proceeding, which this record fails to reflect.

The motion for rehearing is overruled.

Opinion approved by the court.