## EX PARTE NAGO L. ALANIZ.

No. 26,115. October 22, 1952.

Hon. Sam G. Reams, Judge Presiding.

No attorney of record on appeal for relator.

*Spurgeon E. Bell,* Special Prosecutor, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant, here, relator in the court below, was charged by complaint in the Justice Court of Precinct No. One of Jim Wells County, with the murder, with malice aforethought, of Jacob S. Floyd, Jr., alleged to have been committed in said county on or about September 8, 1952.

After hearing in said justice court, sitting in examining trial, appellant was remanded to the custody of the sheriff of said county, without bail, to await the action of the grand jury of that county.

Appellant sought, by writ of habeas corpus before the judge of the district court of said county, to have such order set aside and to be admitted to bail pending the action of the grand jury. The writ of habeas corpus was granted, and, after hearing, the relief prayed for was denied.

From this order, the appeal was perfected.

It is now made to appear that since the appeal in this case was perfected, appellant was indicted by the grand jury of Jim Wells County on the 14th day of October, 1952, for the murder of Jacob S. Floyd, Jr.

Being contingent upon the action of the grand jury and the grand jury having acted by returning an indictment, the order of the examining trial court has expired by its own terms and is no longer of any force or effect.

It is apparent, therefore, that the question sought to be presented by this appeal is now moot. As supporting this conclusion, see Ex parte Scott, 86 Tex. Cr. R. 591, 218 S. W. 366, and Ex parte Everett, 151 Tex. Cr. R. 22, 204 S. W. 2d 980.

Accordingly, the motion of the state to dismiss the appeal in this case is granted, and the appeal is dismissed.

Opinion approved by the court.