## EX PARTE STEWART DUFF LUMPKIN

No. 29,635. February 26, 1956.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant, relator in the district court, filed his application for writ of habeas corpus alleging that he was confined in jail under warrant of a magistrate before whom a complaint had been filed charging him with murder, and that his confinement was illegal because he had been denied bond.

The writ was granted and hearing set for January 3, 1958, upon which date the sheriff filed an amended return setting out that appellant was then being detained upon a warrant issued by the district clerk upon an indictment charging appellant with murder and also appellant was being detained by virtue of his commitment by a juvenile court to the Texas Youth Council fol-

lowing parole and revocation thereof by said council and an order for his return to their custody.

The facts shown by the respondent's answer being established, the court concluded the hearing and remanded appellant, and he appeals.

The question raised in the application for habeas corpus was appellant's right to bail pending action of the grand jury. This question became moot when indictment was returned and the trial judge did not err in declining to hear evidence. Ex parte Davis 290 S.W. 2d 669, and cases cited.

This court is not the proper forum in which to question the validity of the commitment of a juvenile delinquent to the Texas Youth Council, or of the revocation of parole by said council. Juvenile proceedings are civil in nature and their validity is for the civil courts. Ex parte Rheude, 163 Texas Cr. Rep. 39, 289 S.W. 2d 239; Ex parte Beal, et al, 157 Texas Cr. Rep. 466, 250 S.W. 2d 221.

The appeal is dismissed.