by the court's instruction to the jury to disregard it.

■ For like reason, the argument "these narcotics men are the cause of murders, robberies and other crimes" is not ground for reversal, Bill No. 4 certifying that the objection to it was sustained and the jury instructed to disregard it.

■ Bill No. 5 complains of the ruling of the trial judge in admitting the evidence relating to the knife or dagger being thrown; and Bill 6, the admission of the evidence as to what appellant said to the officers just prior to the search.

The evidence referred to in these bills was a part of the transaction upon which the State relied and was relevant, if not upon the question of guilt, upon the legality of the search, which was questioned at the trial. It was admissible under the so called res gestae rule

The judgment is affirmed.

**Ex parte Stewart Duff LUMPKIN.**

**No. 29635.**

Court of Criminal Appeals of Texas.

Feb. 26, 1958.

No attorney on appeal for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant, relator in the district court, filed his application for writ of habeas corpus alleging that he was confined in jail under warrant of a magistrate before whom a complaint had been filed charging him with murder, and that his confinement was illegal because he had been denied bond.

The writ was granted and hearing set for January 3, 1958, upon which date the Sheriff filed an amended return setting out that appellant was then being detained upon a warrant issued by the district clerk upon an indictment charging appellant with murder and also appellant was being detained by virtue of his commitment by a Juvenile Court to the Texas Youth Council following parole and revocation thereof by said Coun-

cil and an order for his return to their custody.

The facts shown by the respondent's answer being established, the court concluded the hearing and remanded appellant, and he appeals.

 The question raised in the application for habeas corpus was appellant's right to bail pending action of the grand jury. This question became moot when indictment was returned and the trial judge did not err in declining to hear evidence. Ex parte Davis, Tex.Cr.App., 290 S.W.2d 669, and cases cited.

This Court is not the proper forum in which to question the validity of the commitment of a juvenile delinquent to the Texas Youth Council, or of the revocation of parole by said Council. Juvenile proceedings are civil in nature and their validity is for the civil courts. Ex parte Rheude, Tex.Cr.App., 289 S.W.2d 239; Ex parte Beal, 157 Tex.Cr.R. 466, 250 S.W.2d 221.

The appeal is dismissed.