**In re Juana TORRES, a Minor.**

**No. 6185.**

Court of Civil Appeals of Texas,
El Paso.

Feb. 9, 1972.

Steven L. Bercu, Kent R. Morrison, El Paso, for appellant.

Henry H. Pena, County Atty., Jesus M. Hernandez, Asst. County Atty., El Paso, Crawford C. Martin, Atty. Gen., Roland Daniel Green, III, Asst. Atty. Gen., Austin, for appellee.

## OPINION

WARD, Justice.

This is an appeal from the judgment of the District Court of El Paso County, refusing the granting of the writ of habeas corpus for the benefit of the minor petitioner and remanding her to the custody of the Texas Youth Council. The judgment of the District Court is reversed and the minor is ordered discharged.

This minor was arrested for the offense of misdemeanor shoplifting on March 4, 1968, when she was fourteen years of age. On March 23, 1968, she was adjudged a delinquent female child and was committed to the Texas Youth Council for confinement in the Gainesville State School for Girls. She was paroled on two separate occasions from the school, but the paroles were revoked for curfew and truancy violations. Thereafter, the present petition for writ of habeas corpus was presented to the trial court complaining, among many alleged grievances, of lack of representation by counsel at the adjudication hearing and that there had not been a waiver of this right either prior to or at the time of that trial. As stated, relief was denied and the minor was remanded to the custody of the

Texas Youth Council from which the appellant has duly perfected her appeal. At that time, we permitted the release of the child from restraint on her personal recognizance.

The parties have been requested by this Court to brief the question of the appellate jurisdiction of the Court of Civil Appeals over an appeal from a habeas corpus proceeding in which the validity of an adjudication of delinquency was challenged but upheld. The erosion of the purely civil concept beginning with In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and through In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) prompted the inquiry where the original delinquency charged is in the nature of a criminal offense which for an adult could possibly result in punishment by incarceration in the county jail. Unquestionably, the emphasis on the civil nature of the delinquency proceeding has dwindled in favor of its being treated as criminal in nature. 25 Southwestern Law Journal 228. The pre Gault Texas rule settled the civil route. Since habeas corpus proceedings that grow out of civil actions are themselves treated as civil actions, the Courts of Civil Appeals assumed the jurisdiction. Ex parte Yelton, 298 S.W.2d 285 (Tex.Civ.App. Beaumont 1957, no writ). The last direct statement from the Court of Criminal Appeals was in Ex parte Lumpkin, 165 Tex.Cr.R. 628, 310 S.W.2d 333 (1958) : "This Court is not the proper forum in which to question the validity of the commitment of a juvenile delinquent to the Texas Youth Council, or of the revocation of parole by said Council. Juvenile proceedings are civil in nature and their validity is for the civil courts."

While we have had no clear expression as to the jurisdictional question since Gault, the Supreme Court has held in the strongest of language that juvenile proceedings remain civil in nature. In Brenan v. Court of Civil Appeals, 444 S.W.2d 290 (Tex.1968), both the majority and dissenting opinion agreed that proceedings instituted under the Juvenile Act are governed by the Rules of Civil Procedure. See Starks v. State, 449 S.W.2d 559 (Tex.Civ.App. Eastland 1970, writ ref'd).

"We are not only required to apply rules relating to civil procedure in proceedings instituted under the Juvenile Act, but in proceedings to determine delinquency which may lead to commitment to a state institution, we must regard the proceeding as criminal in nature so far as due process is concerned." Felder v. State, 463 S.W.2d 272 (Tex.Civ.App. Houston 1971, writ ref'd n. r. e.). See Carrillo v. State, 470 S.W.2d 227 (Tex.Civ.App. San Antonio 1971, writ granted).

■ The attorneys for the parties have at our request furnished us comprehensive briefs on the jurisdictional question and both assert that we have jurisdiction in the matter. Without further argument we agree.

■ As to the merits of the case, we are in somewhat a similar position as to that presented to us in Fierro v. State this day decided, 476 S.W.2d 870. We again sustain the appellant's point in so far as it relates to the proposition that there was no evidence produced that there had been any intelligent and understanding waiver of the right of counsel by either the minor or her parents for the purposes of the adjudication hearing. Briefly, there is a complete waiver by the minor in the record as to the right of counsel for the purposes of the confession—none relating to the time of trial. As to the mother, there is adequate testimony that she was advised of all rights as to an attorney at the time of trial—none relating to any waiver of those rights by either of the parents. The silent record does not prove the waiver. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) ; In re Gault, supra; McAlpine v. State, 457 S.W.2d 428 (Tex.Civ.App. Houston 1970, no writ). The adjudication of delinquency being

void, the subsequent commitment order was unauthorized.

The judgment of the District Court is reversed and the minor, Juana Torres, is ordered discharged.