Ex parte Charles Glen JOHNSTON.

No. 51341.

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

**350**

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Justice.

This appeal is from an order setting bail in a habeas corpus proceeding pending appellant's trial for burglary and theft. The trial court reduced bail from $100,000 to $21,000. Appellant contends that the amount set is excessive.

The State has filed a motion to dismiss the appeal, pointing out that subsequent to the initiation of the appeal the grand jury returned an indictment against appellant. The State cites *Ex parte Weeks,* Tex.Cr. App., 424 S.W.2d 449, for the proposition that the return of an indictment renders moot an appeal from habeas corpus proceedings to set or reduce the amount of bail necessary to secure the release of an accused from custody who is held by virtue of a complaint.

The State is correct in that a long line of authority indicates that the instant appeal should be dismissed for the reason stated. We have closely examined the origins of the

rule, however, and conclude that it no longer has a sound basis in law.

Although the State first contended that the rule should be established in *Ex parte Jones,* 7 Tex.App. 365 (Tyler, 1879), it was not laid down until *Ex parte Cannon,* 41 Tex.Cr.R. 76, 51 S.W. 914 (1899). The Court reasoned that the appeal in effect attacked the power of the State to hold the petitioner in custody without bail upon the authority of the process issuing from a complaint, but that the return of the indictment substituted the authority of that instrument and its attendant capias for that of the complaint. Because the petitioner was challenging the authority of an instrument superseded by the indictment and therefore no longer the authority for confinement, it was held that the appeal must be dismissed.

At the time of the decision in *Ex parte Cannon, supra,* and in a multitude of the cases that followed it,[1] more than a mere analytical nicety was at stake. The Code of Criminal Procedure then provided as follows:

"Art. 309 [288] A bail bond shall be sufficient if it contain the following requisites:

. . . 5. That the bond state the time and place when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time it is sufficient to specify the term of the court, and in stating the place it is sufficient to specify the name of the court or magistrate and of the county.

"Art. 311 [290] A recognizance or bail bond entered into by a defendant, and which binds him to appear at a particular term of the district court, shall be con-

1. *Ex parte Davis,* Tex.Cr.App., 290 S.W.2d 669; *Ex parte Adams,* 163 Tex.Cr.R. 34, 289 S.W.2d 242; *Ex parte Alaniz,* 157 Tex.Cr.R. 590, 251 S.W.2d 738; *Ex parte Viera,* Tex. Cr.App., 233 S.W.2d 579; *Ex parte Everett,* 151 Tex.Cr.R. 22, 204 S.W.2d 980; *Ex parte Lawler,* 146 Tex.Cr.R. 341, 174 S.W.2d 972; *Ex parte Cantu,* 134 Tex.Cr.R. 127, 114 S.W.2d 887; *Ex parte Cross,* 127 Tex.Cr.R.

327, 76 S.W.2d 773; *Ex parte Scott,* 86 Tex. Cr.R. 591, 218 S.W. 366; *Ex parte Kirby,* 63 Tex.Cr.R. 377, 140 S.W. 226; *Ex parte Tripp,* Tex.Cr.App., 77 S.W. 222; *Ex parte Forney,* 45 Tex.Cr.R. 254, 76 S.W. 440; *Ex parte McDonald,* Tex.Cr.App., 65 S.W. 188; *Ex parte Kennedy,* Tex.Cr.App., 56 S.W. 921.

strued to bind him and his sureties for his attendance upon the court from term to term, and from day to day, until discharged from further liability thereon according to law."

Tex.Code Crim.Proc. (1895). The 1925 Code of Criminal Procedure carried over both provisions. Art. 273, sec. 5, Art. 275, Tex. Code Crim.Proc. (1925). Under these statutes an accused might make bail upon the complaint by giving a bond and obtain his release from custody, but the return of the indictment would effect a discharge of his surety's liability upon the conditions of that bond. Thus, a new arrest and new bail proceeding would be necessitated by the return of the indictment. Any act of this Court in setting bail upon a complaint, therefore, would have been useless and ineffectual in the face of a subsequent indictment requiring relitigation of the matter of bail.

In 1957, Article 275a, V.A.C.C.P. (1925) was enacted. Section 1 thereof, now Art. 17.09, Sec. 1, V.A.C.C.P. (1965) provided:

"Sec. 1. Where a defendant, *in the course of a criminal action,* gives a bail bond or enters into a recognizance before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, *to answer a charge against him,* the said bond or recognizance shall be valid and binding upon the defendant and his sureties thereon, for the defendant's personal appearance before the court or magistrate designated therein, *and for any and all subsequent proceedings had relative to the charge,* and each such bail bond or recognizance shall be so conditioned except as hereinafter provided. . . ." (Emphasis added.)

The 1965 revision of the Code contains a substantially similar provision, except that the distinction between bail bonds and recognizances was abolished. Art. 17.09(1), V.A.C.C.P. (1965). The 1965 Code also amended the language of Art. 273(5)—formerly Art. 309—to state as follows:

"A bail bond shall be sufficient if it contain the following requisites:

. . . 5. That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. *The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Court or by any court or magistrate. . . ."* (Emphasis added.)

Art. 17.08(5), V.A.C.C.P. (1965).

■ The emphasized portions of the new statutes are those containing language rendering the conditions of the original bond upon a complaint generally applicable throughout all subsequent proceedings pertaining to the original charges against the defendant. As Presiding Judge Onion stated in his Special Commentary to Art. 17.09, V.A.C.C.P.:

". . . Section 5 of Art. 17.08 and Section 1 of Art. 17.09(275a) have been amended to provide that a bond, once given, may bind the defendant throughout the criminal proceeding to appear before any magistrate or court when required, *thus eliminating the need under the old practice of requiring new bail at various stages* of the proceeding. . ." (Emphasis added.)

The return of the indictment no longer automatically requires a new setting of bail and new posting of bond.

After 1957, therefore, it was extremely doubtful whether the return of an indictment ought to have rendered moot an appeal from habeas corpus proceedings to set or reduce bail. The 1965 amendments cut the slender thread of logic supporting such a rule of law after 1957. As in *Ex parte Skinner,* Tex.Cr.App., 496 S.W.2d 633, to dismiss an appeal challenging the amount of bail in these circumstances and thus to

require the appellant to initiate a new challenge in the trial court, is to require him to do a useless thing. We further note that the return of the indictment has no effect whatsoever upon the rules respecting the determination of the proper amount of bail. Art. 17.38, V.A.C.C.P.

■ We hold that this appeal is not mooted by the return of the indictment. All cases to the contrary, including *Ex parte White*, Tex.Cr.App., 486 S.W.2d 301; *Ex parte Tullos*, Tex.Cr.App., 445 S.W.2d 744; *Ex parte Weeks*, Tex.Cr.App., 424 S.W.2d 449; *Ex parte Paul*, Tex.Cr.App., 419 S.W.2d 867; *Ex parte Villareal*, Tex.Cr. App., 407 S.W.2d 510; *Ex parte Axel*, Tex. Cr.App., 399 S.W.2d 812; *Ex parte Spivey*, Tex.Cr.App., 379 S.W.2d 898; *Ex parte Bowie*, Tex.Cr.App., 368 S.W.2d 767; *Ex parte Guajardo*, 171 Tex.Cr.R. 328, 350 S.W.2d 206; *Ex parte Bowles*, 166 Tex. Cr.R. 346, 314 S.W.2d 108; and *Ex parte Lumpkin*, 165 Tex.Cr.R. 628, 310 S.W.2d 333, are overruled to the extent of conflict with the holding herein.

■ Next we must consider the merits of appellant's contention that the bail set is excessive. The trial court set bail at $20,-000 for the burglary charge and $1000 for the charge of felony theft arising out of the same incident for a total of $21,000. The record reflects that although appellant also faced burglary charges in a different county, he had never before been arrested for any offense. A police officer testified that his reputation for being a law-abiding citizen was bad.

The record does not reflect that any violence attended the commission of the alleged burglary. Appellant has been shown to be wholly indigent. He showed that he could make no bail in excess of $1000.

Under the circumstances and in light of Art. 17.15, V.A.C.C.P., we conclude that bail in the amount of $10,000 is reasonable. It is so ordered.