# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00464-CV

### In the Matter of J. W. A.

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 176,454-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal, we consider whether the trial court erred by denying appellant J.W.A.'s motion to recuse and application for writ of habeas corpus based on actual innocence. We will affirm the orders.

## BACKGROUND

Juveniles, J.W.A. and his brother, M.P.A., were each charged with two counts of aggravated sexual assault of a child related to similar incidents. The Honorable Edward Johnson presided over both cases. J.W.A. pleaded true to two counts of aggravated sexual assault of a child and received a determinate sentence of seven years. He did not file an appeal.

The same month, a jury adjudicated M.P.A. delinquent on one count of aggravated sexual assault of a child. M.P.A. was sentenced to a determinate sentence of twenty years; his adjudication was affirmed on appeal. *See In re M.P.A.*, No. 03-00-00211-CV, 2000 Tex. App.

LEXIS 8027 (Tex. App.—Austin Nov. 30, 2000, pet. denied). Subsequently, M.P.A. filed a bill of review that was denied by the trial court and affirmed on appeal. *See In re M.P.A.*, No. 03-02-00068-CV, 2002 Tex. App. LEXIS 8952, at *2 (Tex. App.—Austin Dec. 19, 2002, pet. denied).

J.W.A. then filed an application for writ of habeas corpus and a motion to recuse Johnson. J.W.A. argued that Johnson was biased against him because, in M.P.A.'s trial, Johnson "obviously was pro-prosecution" and biased against M.P.A. At the recusal hearing, the Honorable B.B. Schraub, Presiding Judge of the Third Administrative Judicial Region of Texas, excluded evidence of Johnson's comments and rulings in M.P.A.'s bill of review trial, in addition to other documents, on the basis that they were not relevant to J.W.A.[1] He then denied the motion to recuse. *See* Tex. R. Civ. P. 18a(d). Subsequently, Johnson denied J.W.A.'s request for a writ of habeas corpus based on its merits. This appeal ensued.

## DISCUSSION

### Motion to recuse

In his first three issues, J.W.A. complains that Judge Schraub erred by excluding certain evidence and denying J.W.A.'s motion to recuse Judge Johnson. A judge shall recuse himself in any proceeding in which (1) his impartiality might reasonably be questioned or (2) he has a personal bias or prejudice concerning the subject matter or a party. *See* Tex. R. Civ. P. 18b. We review the denial of a motion to recuse for an abuse of discretion. *See id*. 18a(f).

---

[1] J.W.A.'s brief lists over two pages of rulings made by Johnson in M.P.A.'s trial, alleging that they were examples of Johnson's "blatant pattern" of bias.

At the recusal hearing, Judge Schraub refused to admit evidence of Judge Johnson's conduct and rulings from M.P.A.'s trial without an allegation or some proof that the conduct or ruling related to J.W.A. On appeal, J.W.A.'s complaint is two-fold. First, he alleges that partial transcripts showing Judge Johnson's conduct and comments made from the bench in M.P.A.'s bill of review trial should have been admitted at the recusal hearing. Next, he argues that certain other documents should have been admitted. We will first consider whether it was harmful error to exclude the transcripts and evidence of Johnson's comments or rulings. *See* Tex. R. App. P. 44.1.

"'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and opinions the judge forms during a trial do not necessitate recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240-41 (Tex. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias or partiality. *Francis*, 46 S.W.3d at 240. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. (quoting *Liteky*, 510 U.S. at 555-56).

J.W.A. complains that, in M.P.A.'s bill of review hearing, Johnson "threatened to choke the undersigned counsel in open court," and that "[i]t is this type of behavior that, at the very least, casts doubt on the fairness of the entire proceeding" and requires a conclusion that Johnson should have been recused from J.W.A.'s hearing. Assuming without deciding that Johnson's

3

comments or conduct in M.P.A.'s case could form a basis for recusal based on bias against J.W.A., we have previously considered these comments and their prejudicial effect in a prior decision. *See In re M.P.A.*, 2002 Tex. App. LEXIS 8952, at *4-43. There, M.P.A. alleged that Johnson threatened his counsel—who is also J.W.A.'s counsel—by using intimidating tactics and embarrassing his counsel in open court. *See id*. at *33. A disagreement had occurred between Johnson and M.P.A.'s counsel concerning the manner in which counsel was questioning a witness.[2] *See id*. Johnson told M.P.A.'s counsel

> If you don't stay within the record in this trial I'm going to choke you, instead of hold you in contempt. There is no evidence about what your client has in his possession and you've just asked her a question to testify under oath based upon supposedly something that your client has in his possession. Now, stay within the record, Mr. Lavin.

*Id*. at *34. We found that

> while it was inappropriate for [Johnson] to suggest that he would choke [M.P.A.'s] counsel if he failed to stay within the rules, the comment was not prejudicial to the outcome of the trial. The threat to counsel was clearly ill-advised and inappropriate. It apparently arose from the court's frustration because the trial judge was forced repeatedly to admonish [M.P.A.'s] counsel to stay within the record. Nevertheless, [Johnson] should have restrained himself. While we do not sanction [Johnson's] comments, because [Johnson] was the trier of fact in this case, it was not an abuse of discretion for him to ensure that he understood the testimony and evidence that [M.P.A.'s] counsel was attempting to elicit.

---

[2] A longer excerpt and related discussion can be found in *In re M.P.A.*, No. 03-02-00068-CV, 2002 Tex. App. LEXIS 8952, at *2 (Tex. App.—Austin Dec. 19, 2002, pet. denied).

*Id*. at *38. Furthermore, we determined that "[t]hroughout [M.P.A.'s] bill of review proceeding, [Johnson] appears to have made thoughtful and impartial rulings and, in most instances, explained the reasoning behind his rulings to the parties. This was not a jury trial; the judge was the sole fact finder." *Id*. at *39-40. J.W.A. alleges that this same incident is a basis for Johnson's recusal in J.W.A.'s case. However, Johnson's conduct was not prejudicial in M.P.A.'s trial when the comments were actually made, and J.W.A. has not explained how the comments now constitute bias, a high degree of favoritism, or antagonism as to make fair judgment impossible in his case. *See Francis*, 46 S.W.3d at 240; *Markowitz v. Markowitz*, 118 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Next, J.W.A. argues that Judge Schraub erred in the recusal case by excluding other evidence such as CPS investigation reports, documents regarding alleged improprieties of an expert in M.P.A.'s case, the criminal history of a potential witness, and a complaint filed against Johnson. He also complains that certain witness transcripts and other documents from M.P.A.'s bill of review trial should have been admitted at the recusal hearing. In his brief, however, he merely alleges that "[a]ll of these documents show singularly and collectively the truth of the allegations that Judge [] Johnson has an irreconcilable conflict of interest and must be removed from the writ hearing process." Although some of the documents include transcripts of M.P.A.'s proceedings, and J.W.A. cites examples of rulings made by Johnson in those proceedings as examples of bias, J.W.A. admitted at the recusal hearing that there were no rulings in M.P.A.'s case that involved J.W.A. Additionally, J.W.A. does not explain how these documents, either singularly or collectively, show

5

Johnson's conflict or require his removal from the case. Instead of relating to possible bias or impartiality by Johnson, most of the documents appear to relate to J.W.A.'s claim of innocence.[3]

We have carefully reviewed the record and find that even if the transcripts, evidence of Johnson's rulings in M.P.A.'s trial, or other documents could constitute evidence of deep-seated favoritism or antagonism that would make his fair judgment of J.W.A. impossible, they do not in this case. *See Francis*, 46 S.W.3d at 240; *see also Liteky*, 510 U.S. at 555. The trial court did not abuse its discretion in excluding the proffered evidence or in denying the motion to recuse. We overrule J.W.A.'s first, second, and third issues.

**Writ of habeas corpus**

In his fourth issue, J.W.A. asserts that the trial court erred by denying his application for writ of habeas corpus without holding an evidentiary hearing before ruling on the merits.[4] In his application, J.W.A. asserts a "bare innocence" claim based "solely on newly discovered evidence." *See Herrera v. Collins*, 506 U.S. 390, 393 (1993); *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002). He argues that his "entire case rests on the credibility of not the [victims], but their

---

[3] Moreover, the document reviewed *in camera* is merely an acknowledgment of receipt of some type of complaint against Johnson; there is no evidence of what the complaint was or that it was relevant to J.W.A.'s claim of bias. *See* Tex. R. Evid. 401.

[4] Section 56.01 of the family code does not limit a child's right to obtain a writ of habeas corpus. Tex. Fam. Code Ann. § 56.01 (West 2005). Furthermore, because the trial court ruled on the merits of J.W.A.'s claims, we have jurisdiction to consider whether the denial was proper. *See Ex Parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd); *see also Ex parte Tuley*, 109 S.W.3d 388, 389 (Tex. Crim. App. 2002) (guilty plea does not preclude actual innocence claim); *c.f. Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991).

mother" and that he pled guilty due to pressure from his attorney and the "fabricated evidence." These facts, he asserts, "would have been more fully developed" in an evidentiary hearing.

In denying relief, the trial court expressly found that:

(1) [J.W.A.'s] reliance and reference to so-called testimony, evidence and supplemental materials pertaining to [M.P.A.'s cases] is an improper attempt to supplement the record in the instant case;

(2) that [J.W.A.] neither points to nor cites specific 'unresolved facts' from the original proceedings in the instant case which are material to the legality of [J.W.A.'s] confinement;

(3) alternatively, that the so-called recantation by the victim is not credible and is, in fact, outweighed by the evidence in that:

(a) the victim was subject to manipulation by both parents;

(b) the so-called recantation is outweighed by uncontroverted and unchallenged objective medical evidence by Dr. Pamela Green and by S.A.N.F. nurse, Alice Linder, corroborating the victim's testimony at the time of trial;

(c) [J.W.A.]'s two (2) extra-judicial written confessions, one (1) judicial confession, and 'oral' admissions to Dr. Willoughby (which amounted to a declaration against penal interest) are sufficient and outweigh the only 'newly discovered' evidence of the Aunt's affidavit as to the credibility of a non-testifying witness, based on a claim of 'bare innocence.'

The procedures for evidentiary hearings in post-conviction writs of habeas corpus in felony cases are explained in articles 11.07 and 11.071 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. arts. 11.07, 11.071 (West 2005). However, because this is a juvenile proceeding, they do not apply in this case. *See In re Torres*, 476 S.W.2d 883, 884 (Tex. Civ. App.—El Paso 1972, no writ); *see also Ex parte Valle*, 104 S.W.3d 888, 889 (Tex. Crim. App. 2003). Rather, jurisdiction exists pursuant to article V of the Texas Constitution. *See M.B. v. State*,

7

905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no writ); *see also* Tex. Const. art. V, § 8. J.W.A. does not cite, and we have not found, any authority which mandates a live evidentiary hearing before a ruling on the merits of his juvenile claim. However, juvenile cases are quasi-criminal in nature, *see In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999), and we find some guidance in the legislature's guidelines for evidentiary hearings in articles 11.07 and 11.071. *See* Tex. Code Crim. Proc. Ann. arts. 11.07, 11.071. In those writ proceedings, if the trial court determines that there are "controverted, previously unresolved facts material to the legality of the applicant's confinement," in order to "resolve those issues the court may order affidavits, depositions, interrogatories, and hearings, as well as us[e] personal recollection." *Id*. arts. 11.07, § 3(d), 11.071, § 9(a). The trial court is not required to hold a live evidentiary hearing, even in death penalty cases where there are controverted, previously unresolved facts that are material to the legality of the confinement. *See id.*; *see also Ex parte Davila*, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975).

Under the facts in this case, we find that the trial court's review of the evidence submitted by J.W.A. was an acceptable evidentiary hearing, albeit on paper rather than live. The court cited specific evidence submitted and argued by J.W.A. Judge Johnson was the presiding judge who received J.W.A.'s guilty plea, presided over his brother M.P.A.'s trial and conviction by a jury, and heard evidence in M.P.A.'s bill of review case. Factually, J.W.A.'s claim is virtually identical to M.P.A.'s postconviction claims.[5] *See In re M.P.A.*, 2002 Tex. App. LEXIS 8952, at *5.

---

[5] Although it appears that Judge Johnson considered testimony from M.P.A.'s trial when considering the merits of J.W.A.'s claim, he did so upon invitation from J.W.A. and upon submission by J.W.A. of "newly discovered evidence" consisting largely of transcripts from M.P.A.'s trial and the brief submitted on behalf of M.P.A. to this Court.

In fact, much of the evidence submitted consisted of transcripts from M.P.A.'s bill of review hearing. Johnson was therefore well-versed in the facts and claims raised before him, and considered the "newly discovered evidence" submitted by J.W.A. even if an additional postconviction live hearing was not held in J.W.A.'s case. Although J.W.A. claims he was entitled to a live hearing, he does not explain what additional evidence he would have submitted that was not considered by the trial court or how he would have otherwise benefitted from one. We hold that under the facts in this case, J.W.A. received a sufficient evidentiary hearing before relief was denied on the merits. We overrule J.W.A.'s fourth issue.

## CONCLUSION

Having overruled J.W.A.'s issues, we affirm the orders.[6]

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: October 13, 2005

_____

[6] J.W.A. has also filed a motion to proceed *pro se*. However, no motion to withdraw has been filed by his retained attorney. We overrule J.W.A.'s motion. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (hybrid representation).

9