## No. 5911.

## Frank A. Douglass et al. v. The State.

1. **Scire Facias.**—Bail Bond is void if it obligates the principal to appear before the court of jurisdiction at a time when no legal term of the same can be held. But see the opinion on rehearing to the effect that, under the law in force when the bond in this case was executed (November 15, 1886), the time for the convening of the district court of Kerr county was the eighth Monday after the first Monday in March, and the bond, binding the principal to appear at the next term of the said district court on the eighth Monday after the first Monday in March, 1887, was, in this respect, valid.

2. **Same.**—Subsequent to the execution of the bond, and prior to the eighth Monday after the first Monday in March, 1887, the time for the conven-

ing of the district court of Kerr county was, by act of the Legislature, changed from the eighth to the ninth Monday after the first Monday in March, and it was at the first term of the said court after such change that the judgment nisi was rendered. *Held*, that the judgment nisi was correctly rendered at such term, and the obligors in the bond were charged with notice of such change.

3. SAME.—A bail bond executed *after* the presentment of an indictment must describe the very offense named in the indictment. In this case the indictment, in separate counts, charges forgery and the uttering of a forged instrument in writing; and the bond, following the indictment, sets out the essential element of both offenses. *Held*, correct, and not obnoxious to the objection that it is duplicitous.

4. SAME.—JUDGMENT NISI is void unless rendered against the principal in the bond and *all* of the sureties  The judgment nisi in this case omits one of the sureties, and is therefore void; wherefore the final judgment is reversed.

APPEAL from the District Court of Kerr. Tried below before the Hon. T. M. Paschal.

The opinions disclose the nature of the case. The amount of the bond adjudged was eight hundred dollars

*W. M. Rust*, for the appellants.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. The bail bond obligates the principal to appear "at the next term of the district court of Kerr county, Texas, at the court house in the town of Kerrville, on the eighth Monday after the first Monday in March, it being May 2, 1887." At the time specified a legal term of said court could not be held, and no term was then held, but on the ninth day of May, that being the ninth Monday after the first Monday in March, 1887, a legal term of said court was held, at which term said bail bond was declared forfeited.

In answer to the citation issued upon the judgment nisi, defendants attacked the validity of the proceeding because the *time* stated in the bond for the appearance of the principal was a time when no legal term of said court could be held. This objection was overruled, and judgment final was rendered upon said judgment nisi.

We are of the opinion that the whole proceeding is erroneous, and that the bail bond is a nullity. If the bond had merely stated that the principal should appear "before the district court

of Kerr county, Texas, at its next regular term, to be held at,"
etc., it would have been sufficient; but, having specified the
*exact* time when he was bound to appear, and that time being
one at which a legal term of said court could not be held, ren-
ders the bond fatally defective. (Burnett v. The State, 18
Texas Ct. App., 283; Thomas v. The State, 12 Texas Ct. App.,
417; Thomas v. The State, 13 Texas Ct. App., 496.)

Because of the fatal defect in the bail bond above mentioned,
the judgment is reversed and the proceeding dismissed.

*Reversed and dismissed.*

This opinion was delivered at the Austin branch of the court
on June 20, 1888, but a motion for rehearing being filed by the
Assistant Attorney General, the same was taken under ad-
visement and transferred to Tyler, where it was disposed of in
the opinion that follows.

ON MOTION FOR REHEARING.

WILLSON, JUDGE. At our last Austin term we reversed the
judgment in this cause, and dismissed the proceeding upon the
ground that the time named in the bail bond when the princi-
pal was bound to appear before the district court of Kerr county,
was a time when a legal term of said court could not be held,
to wit, the eighth Monday after the first Monday in March, 1887.
In this conclusion we were mistaken. We overlooked the act
of April 9, 1883 (Laws of 18 Leg., chap. 67, p. 65, sec. 38),
which fixes the time for the spring term of said court to com-
mence on the eighth Monday after the first Monday in March
of each year. This act was not called to our attention by coun-
sel on either side, and we were misled by the amendment to
that act of March 25, 1887, changing the time of holding said
court to the ninth Monday after the first Monday in March.
(Acts 20 Leg., p. 43.)

It appears, therefore, that the time stated in the bond for the
appearance of the defendant before the district court of Kerr
county was the proper time—the time when, under the law then
in force, a legal term of said court could be held, and the bond
in this respect is in compliance with law and valid.

Subsequently, on March 25, 1887, the legislature changed the
time of holding said court to the ninth Monday after the first

Monday in March, and it was at the first term of said court af-
ter this amendatory act took effect that the bond was declared
forfeited.

It was not error to render said judgment at said term of the
court, although the obligors in the bond may not in fact have
had knowledge of the change made in the time for holding said
court. They were charged by law with notice of such change,
and by force of such change became legally bound for the ap-
pearance of the principal, as fully and completely as if the time
named in the amendatory act had been the time named in the
bond.

We have examined the other objections urged to the bond,
and conclude that they are not maintainable. In describing the
offense, or offenses, with which the principal is charged, the
bond follows substantially the indictment, and states sufficiently
the essential elements of forgery and of knowingly passing as
true a forged instrument in writing. Where a bail bond is taken
*after* indictment found, it must name or describe the very offense
charged in the indictment. (Keppler v. The State, 14 Texas Ct.
App., 173; McAdams v. The State, 10 Texas Ct. App., 317.)

In this case there appear to be two counts in the indictment,
one charging forgery and the other the knowingly passing as
true a forged instrument, and the bail bond sets forth the essen-
tial elements of both offenses. This is not duplicity within
the meaning of the rule declared in Hutchison v. The State, 4
Texas Court of Appeals, 435; Killingsworth v. The State, 7
Texas Court of Appeals, 28; and Patton v. The State, 35 Texas,
92. As will be seen by examination, neither of said cases are
applicable to this case, because in neither of them was there an
indictment charging different offenses in different counts. In
a case like this, where in different counts different offenses are
charged, we hold that a recognizance or bail bond is not dupli-
citous and bad because it follows the indictment and recites all
of the offenses charged in the indictment. Such recital in such
case is, we think, not only unobjectionable, but is what the law
contemplates. We are of the opinion that the bail bond is valid,
and that the court did not err in so holding.

It appears from the record that, in declaring the forfeiture of
the bail bond, J. C. Douglass, one of the sureties upon said bond,
was omitted. There is no judgment nisi, and no final judgment
against said surety, and this failure to render judgment against
said surety is assigned as error. The record discloses no action

whatever with reference to said surety. This presents a question which, if heretofore determined, has escaped our examination.

Whatever may be the rule in civil suits against obligors severally liable, we are of the opinion that the statute governing the forfeiture of bail contemplates that judgment nisi must be rendered against *all* of the obligors. It prescribes the requisites of such judgment, and, unless those requisites are conformed to, the judgment is void. It requires that the judgment shall be rendered against the principal *and his sureties*, and we can deduce from it no authority to render the judgment against one or more of the sureties, omitting one or more, under any circumstances, or for any reason. (Willson's Crim. Stats., secs. 2015-2016.)

After judgment nisi, the proceeding may be discontinued as to any one or more of the obligors in a proper case. (Gay v. The State, 20 Texas, 504; Thompson v. The State, 31 Texas, 166). But this does not authorize a judgment nisi to be rendered that does not include *all* the obligors.

Because, in our opinion, the judgment nisi is for the reason above stated void, the judgment final is reversed, and the cause is remanded for such further proceedings in accordance with law as the State may see proper to take.

*Reversed and remanded.*

Opinion delivered October 10, 1888.