LOUIS FITZGERALD ET AL v. THE STATE.

No. 5993.   Decided December 8, 1920.

Forfeited Bail Bond—Judgment Nisi—Variance—Name of Parties—Evidence.

The name of the parties to the appearance bond is an essential part of the judgment *nisi,* and upon an effort to make the judgment final, a variance such as that described in the names of the parties was a matter so material as to render the bond inadmissible in evidence. Following Lowe v. State, 15 Texas, 141, and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a judgment final on a forfeited bail bond in the sum of $750.

*Frank Judkins,* for appellant.—On question of variance: Werbeskit v. State, 20 Texas Crim. App., 131; Frost v. State, 33 Texas Crim. Rep., 347; Holley v. State, 157 S. W. Rep., 937,

*Alvin M. Owsley,* Assistant Attorney General for the State.

MORROW, JUDGE.—This is an appeal of T. M. Mirick and W J. Mays from a judgment of $750 on a forfeited bail bond. The judgment *nisi* is upon a bond of Louis Fitzgerald, Principal, and Roy Mays, T. M. Mirick and W. J. Mays, sureties. The bond proved on this trial was one in which Louis Fitzgerald was principal, and T. M. Mirick and W. J. Mays sureties. A variance was urged in the court below, and is insisted upon in this appeal. The names of the parties to the appearance bond is an essential part of the judgment *nisi,* and upon an effort to make the judgment final a variance such as that described was a matter so material as to render the bond inadmissible. White's Texas Penal Code, p. 315, sec. 427; Lowe v. State, 15 Texas, 141; Cassady v. State, 4 Texas Crim. App., 96; Hutchins v. State, 24 Texas Crim. App., 242; Brown v. State, 28 Texas Crim. App., 65.

The judgment is reversed, and the cause remanded.

*Reversed and remanded*