RAY MORGAN ET AL V. STATE.

No. 25725. March 19, 1952.

Hon. Charles D. Berry, Judge Presiding.

*Crunk & Morgan,* Greenville, for appellants.

*Ralph R. Rash,* District Attorney, and *O. S. Moore,* County Attorney, Greenville, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an appeal from a final judgment against sureties in a bond forfeiture case.

The statement of the facts adduced upon the hearing does not reflect that the state introduced in evidence the judgment nisi. It is insisted that the absence of such proof renders the evidence insufficient to support the judgment.

The judgment nisi is a necessary and essential element of the state's cause of action in a bond forfeiture case, for without a judgment nisi there can be no final judgment. Watkins, et al. v. State, 16 Tex. App. 646; Gass, et al. v. State, 110 Tex. Cr. R. 238, 8 S. W. 2d 123; Texas Jurisprudence, Vol. 5, p. 969, Sec. 96. In Nelson, et al v. State, 44 Tex. Cr. R. 595, 73 S. W. 398, and authorities there cited, the failure to introduce the judgment nisi in evidence was fatal to a valid judgment.

The state appears to recognize the seriousness of the situation confronting it by the failure to introduce in evidence the judgment nisi and insists that inasmuch as the trial was to the court without the intervention of a jury, the trial court could and would take judicial knowledge of its own judgments, thereby rendering unnecessary the introduction in evidence of the judgment nisi.

It is unnecessary to here determine the question presented, for we note a variance between the bond and the judgment nisi of such nature and seriousness as that appellants would have been entitled to urge such variance if the judgment nisi had been introduced in evidence. They would be deprived of such right in the absence of an effort by the state to introduce the judgment nisi in evidence.

The variance referred to lies in the following facts:

The bond described the offense with which the principal stood charged as a "felony." No further description of the nature of that offense was made or attempted.

The judgment nisi describes the offense with which the principal stood charged as "failure to stop and render aid." It is not recited that such offense was a felony.

"Failure to stop and render aid" is not an offense eo nomine and cannot be said, as a matter of law, to be a felony.

Because of the failure to introduce in evidence the judgment nisi, the judgment is reversed and the cause remanded.

Opinion approved by the court.