**James O. PURKEY, Jr., et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 45862.**

Court of Criminal Appeals of Texas.

May 16, 1973.

W. G. Walley, Jr., Walter M. Sekaly, Everett B. Lord, Beaumont, for appellants.

Tom Hanna, Dist. Atty., Dexter Patterson, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a final judgment upon forfeiture of an appearance bond. Appellants are the sureties on the bond.

Appellants cite two points of error, only one of which we need consider. In their second point of error, appellants allege that though the State introduced into evidence the indictment, the bond, and the docket sheet, the judgment nisi was never tendered into evidence. Appellants' point is well taken. A review of the statement of facts reflects that the State never introduced the judgment nisi into evidence. The State concedes error.

■ The judgment nisi is a necessary and essential element of the State's cause of action in a bond forfeiture case, for without a judgment nisi there can be no final

judgment. Morgan et al. v. State, 157 Tex. Cr.R. 117, 247 S.W.2d 94 (1952); Hester et al. v. State, 15 Tex.App. 418 (1884); McWhorter et al. v. State, 14 Tex.App. 239 (1883); Houston v. State, 13 Tex.App. 560 (1883); Moreland v. State, 122 Tex.Cr.R. 452, 55 S.W.2d 1044, 1046 (1933); Nelson v. State, 44 Tex.Cr.R. 595, 73 S.W. 398 (1903); White et al. v. State, 101 Tex.Cr.R. 505, 276 S.W. 274 (1925).

The present cause is virtually identical to the situation faced by this Court in Morgan et al. v. State, supra. In both cases, the judgment nisi was never tendered into evidence though it was included in the record filed with this Court. That procedure is not proper.

Since the judgment nisi was not introduced into evidence, the proof is insufficient to support the final judgment.

The judgment is reversed and the cause remanded.