Thomas FEARS, with alias, as Principal and
Odell Walker and Walter Cadd,
as Sureties, Appellants,

v.

The STATE of Texas, Appellee.

No. 47486.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

H. Thomas Hirsch and Robert Tren-
chard, Jr., Odessa, for appellants.

James A. Mashburn, Dist. Atty. and Jer-
ry Buckner, Asst. Dist. Atty., Midland, Jim
D. Vollers, State's Atty., Austin, for the
State.

## OPINION

GREEN, Commissioner.

This is an appeal from a final judgment
upon forfeiture of an appearance bond.
Appellants, Odell Walker and Walter Cadd
are the sureties on the bond.

Appellants cite two grounds of error,
only one of which we need consider. In
their second ground of error appellants al-
lege that the judgment nisi was not ten-
dered into evidence by the State and the
statement of facts does not reflect that the
judgment nisi was accepted into evidence.

A review of the statement of facts re-
flects that the State did not introduce the
judgment nisi in evidence. The record
shows that appellants did offer in evidence
the files in both the criminal case in which
the bond was executed, being Cause No.
4453, and the civil case in which the final
judgment of forfeiture was rendered, being
Cause No. 25,760. The court reporter's
notation reflects only that the file in No.
4453 was received in evidence, and this
was marked as Defendants' Exhibit A.

Defendants' Exhibit A, as contained in
the statement of facts, does not contain the
judgment nisi, and it is not included in the
statement of facts.

The court reporter's certificate states
that "I further certify that this Statement
of Facts truly and correctly reflects the
exhibits offered by the respective parties,
if any." The agreement of counsel for
both parties in approving the statement of
facts has this provision:

"We, the undersigned attorneys of
record in the above captioned cause, do
hereby agree that the foregoing type-
written pages constitute, a full, true and
correct transcript, in question and an-
swer form, of all the testimony and pro-
ceedings had, and all documentary evi-
dence introduced during the trial of said
cause, if any."

The trial court, in approving the state-
ment of facts, certified it to be correct,
and ordered it to be filed.

In reversing the judgment and remand-
ing the cause, this Court, speaking through
Judge Roberts, in Purkey v. State, 494 S.
W.2d 541, said:

"The judgment nisi is a necessary and
essential element of the State's cause of
action in a bond forfeiture case, for
without a judgment nisi there can be no
final judgment. Morgan et al. v. State,
157 Tex.Cr.R. 117, 247 S.W.2d 94
(1952); Hester et al. v. State, 15 Tex.
App. 418 (1884); McWhorter et al. v.
State, 14 Tex.App. 239 (1883); Houston

v. State, 13 Tex.App. 560 (1883); Moreland v. State, 122 Tex.Cr.R. 452, 55 S. W.2d 1044, 1046 (1933); Nelson v. State, 44 Tex.Cr.R. 595, 73 S.W. 398 (1903); White et al. v. State, 101 Tex. Cr.R. 505, 276 S.W. 274 (1925).

"The present cause is virtually identical to the situation faced by this Court in Morgan et al. v. State, supra. In both cases, the judgment nisi was never tendered into evidence though it was included in the record filed with this Court. That procedure is not proper."

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.