**James R. HOKR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51997.**

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

---

2. See *Williams v. State*, 487 S.W.2d 363.

Tom L. Zachry, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The prior opinion is withdrawn. On original submission, the Court held that there was insufficient evidence to support the judgment and that a charge must be made by having a valid complaint made before a bond is executed, otherwise, such a bond may not be forfeited. We agree with the State's contention that the disposition of the second ground contravenes the provisions of Articles 17.05 and 17.20, V.A.C.C.P., and, therefore, the State's motion for rehearing is granted. We will review the holdings of the original opinion.

The principal on the bond was charged with driving while intoxicated. The complaint and information were filed in the county court of Ellis County. While the bond itself is undated, the record reflects that the bond was executed on July 12, 1975. The complaint, information and warrant were not signed or filed in the cause until July 14, 1975.

Appellant contends that the bond is unenforceable because there was no warrant, complaint or information filed in the cause at the time the bond was executed. He relies on *Mayberry v. State,* 168 Tex.Cr.R. 537, 330 S.W.2d 203 (1959), which held:

"Where a complaint is filed in the county court, a bail bond taken before the information is filed, will not support a forfeiture. (Citations omitted)."

The express rationale of *Mayberry* and the cases upon which it relied was that a bail bond taken before the filing of the information would not bind the parties after its filing, just as a bond taken before return of an indictment would not be binding after its return because no jurisdiction attaches thereto. However, the underlying logic of those cases appeared to be that if a peace officer could not set bail in a felony case, then he could not do so in a misdemeanor case. When *Mayberry* was decided, Article 17.05, supra, permitted the bond to be "taken from the defendant by a peace officer *who has a warrant of arrest or commitment.*" (Emphasis added). Thus, a peace officer was not authorized to take bail unless he possessed a warrant of arrest or commitment that was validly issued by a court having jurisdiction over the offense. And, of course, the court could not assume jurisdiction unless a complaint or information had been filed in the cause.

Article 17.05 was amended effective August 30, 1971. It now provides:

"[a] bail bond is entered into either before a magistrate, upon an examination of a criminal accusation, or before a judge upon an application under habeas corpus; *or it is taken from the defendant by a peace officer if authorized by Article[s] 17.20, 17.21, or 17.22.*" (Emphasis added).

The Legislature has eliminated the requirement that the peace officer have the accused in custody by reason of a warrant of arrest or commitment. Article 17.20, supra, was also amended in 1971 to provide:

"[t]he sheriff, or other peace officer, in cases of misdemeanor, may, whether during the term of the court or in vacation, where he has a defendant in custody, take of the defendant a bail bond."

■ This amendment, enacted simultaneously with the Article 17.05 amendment, eliminates the requirement that the peace officer could take a bail bond only where the defendant was in custody "under a warrant of commitment, warrant of arrest, or capias, or where the accused has been surrendered by his bail . . . ." These changes in the Code destroy the authority of *Mayberry* and provide that a peace officer may take bail in a misdemeanor case before the accused is formally charged.

Next, we must determine whether a peace officer may set the amount of bail in a misdemeanor case. This determination

must hinge on the construction of Article 17.20 which authorizes a peace officer to "take" a bond in a misdemeanor case. A good analysis of that Article is contained in Texas Attorney General's Opinion No. H–856 (1976):

"Other sections of the Code differentiate 'fixing' and 'taking' a bond—for example, article 17.22, dealing with certain felony cases in which a peace officer is allowed to take a bond in such an amount as he considers reasonable, if no amount has been fixed by the court or magistrate. Thus article 17.20, read by itself, would seem not to authorize the officer to set the amount of the bond, but rather to simply allow him to take a bond in an amount already set by some other person. The anomalous result would be that a peace officer could set the amount of the bond in certain felony cases, but not in any misdemeanor cases.

"Article 17.20, however, must be read in conjunction with other sections of the Code of Criminal Procedure. Article 17.-15, prescribing rules for fixing the amount of bail, provides that, 'The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail. . . .' Article 3.03 defines the general term 'officers' as including peace officers. Thus, since article 17.20 authorizes the sheriff or other peace officer to *take* bail in misdemeanor cases, article 17.15 compels the conclusion that such officer is also to regulate the amount of bail in such cases."

We reach the same conclusion. We note, however, that an officer's authority to set the amount of bail should be limited to situations in which no magistrate is available, or in arrests pursuant to a warrant in which the proper magistrate (as specified in Article 15.16, V.A.C.C.P.) is unavailable. In this connection a person arrested when a magistrate is unavailable can be detained until the magistrate's normal working hours without violating the statutory requirement of an appearance "immediately" or "without unreasonable delay." See Articles 14.06 and 15.17, V.A.C.C.P.

See e. g. *Grissam v. State,* 403 S.W.2d 414 (Tex.Cr.App.1966). Under these circumstances an officer may set and take a bail bond. This harmonizes with Articles 17.08, Section 5, and 17.09, Section 1, supra, which have been amended to provide that a bond, once given, may bind the defendant throughout the criminal proceeding to appear before any magistrate or court when required. See *Ex parte Johnston,* 533 S.W.2d 349 (Tex.Cr.App.1976).

We now turn to appellant's contention that there was insufficient evidence to support the final judgment of forfeiture. The record reflects that the judgment nisi, while being filed in the cause, was never introduced into evidence. Only the bond was introduced. It has been well established that if the judgment nisi is not introduced into evidence, the proof is insufficient to support the final judgment of forfeiture. *Fears v. State,* 500 S.W.2d 815 (Tex.Cr.App. 1973); *Purkey v. State,* 494 S.W.2d 541 (Tex.Cr.App.1973). We will not adhere to that rule in the present cause. We hold that the trial court may hereafter judicially notice the judgment nisi in bond forfeiture proceedings.

A judgment nisi is not a final judgment, but rather is in the nature of an interlocutory judgment. See Article 22.02, V.A.C.C.P., and *Hernden v. State,* 505 S.W.2d 546 (Tex.Cr.App.1974). See also *Jackson v. State,* 422 S.W.2d 448 (Tex.Cr. App.1968). A judgment nisi will be made final unless good cause is shown why the accused did not appear. Article 22.17, V.A. C.C.P.

McCormick and Ray, Texas Law of Evidence, 2d Ed., Section 185, pages 202–03, sets out the principles governing the records of judicial proceedings in the same or ancillary cases:

"For reasons of convenience and easy verification trial courts usually take judicial notice of the record of proceedings in the same case. Thus it is unnecessary to offer formal proof of such matters as: The institution of a suit, the date of filing of original petition and other pleadings, the contents of the pleadings and previ-

ous orders or *judgments entered in the same cause. . . .*" (Emphasis added) (footnotes omitted).

This Court recognized and applied that rule in *Bridges v. State,* 468 S.W.2d 451 (Tex.Cr.App.1971). There, we stated:

" 'In criminal cases, the trial court may notice judicially its own records and proceedings, and all judgments entered by the court. Thus, the court may, and indeed should, take judicial notice of the fact that the defendant or a witness has previously been convicted by the court.' 23 Tex.Jur.2d, Evidence, Sec. 27, pp. 47–48."

See also *Rounsavall v. State,* 480 S.W.2d 696 (Tex.Cr.App.1972); *Cannon v. State,* 479 S.W.2d 317 (Tex.Cr.App.1972); *Huffman v. State,* 479 S.W.2d 62 (Tex.Cr.App. 1972); and *Hardison v. State,* 450 S.W.2d 638 (Tex.Cr.App.1970).

Thus, our holding today conforms with well-settled principles of judicial notice. The rule requiring introduction into evidence of the judgment nisi in bond forfeiture proceedings has no sound basis in policy or logic. That the rule reflects a long standing precedent should not preclude its abandonment. As was stated in *Olson v. State,* 484 S.W.2d 756 (Tex.Cr.App.1972) (Appellant's Motion for Rehearing), "even constitutional principles do not emerge as full-blown eternal truths, thus remaining immutable and immune from the process of change." When a rule fails the test of experience, policy or logic, it should be expressly overruled.

*Fleming v. State,* 502 S.W.2d 822 (Tex.Cr. App.1973), involved a probation revocation proceeding. Fleming contended on appeal that there was no evidence introduced at the hearing as to the terms of probation. Although conceding that the better practice would be to introduce both the judgment granting probation and the motion to revoke, we held that where the hearing is before the same court and judge who granted probation originally and set the terms thereof the court may take judicial knowledge of the probationary conditions which have been imposed.

■ We hold that a judgment nisi in bond forfeiture proceedings may be judicially noticed by the trial court thereby eliminating the former requirement that it be introduced into evidence. All cases to the contrary are overruled.[1] The list includes, but is not limited to, the following: *Fears v. State,* 500 S.W.2d 815 (Tex.Cr.App. 1973); *Purkey v. State,* 494 S.W.2d 541 (Tex.Cr.App.1973); *Morgan et al. v. State,* 157 Tex.Cr.R. 117, 247 S.W.2d 94 (1952); *Hester et al. v. State,* 15 Tex.App. 418 (1884); *McWhorter et al. v. State,* 14 Tex. App. 239 (1883); *Houston v. State,* 13 Tex. App. 560 (1883); *Moreland v. State,* 122 Tex.Cr.R. 452, 55 S.W.2d 1044, 1946 (1933); *Nelson v. State,* 44 Tex.Cr.R. 595, 73 S.W. 398 (1903); *White et al. v. State,* 101 Tex. Cr.R. 505, 276 S.W. 274 (1925).[2]

The State's motion for rehearing is granted; the judgment is now affirmed.

ONION, Presiding Judge (concurring).

In the instant bond forfeiture case at the hearing on whether the judgment nisi should be made final the judgment nisi was not introduced into evidence. Only the bail bond was introduced by the State. In the appellate record before us is the judgment nisi, regular on its face, signed by the County Judge before whom the aforesaid hearing was conducted.

It is well established that both the bond and the judgment nisi must be introduced into evidence to support a final judgment of forfeiture. See *Fears v. State,* 500 S.W.2d 815 (Tex.Cr.App.1973); *Purkey v. State,* 494 S.W.2d 541 (Tex.Cr.App.1973), and cases there cited.

In 7 Tex.Jur.2d Rev., Part 2, Bail and Recognizance, § 81, p. 687, it is written:

---

1. The writer would apply this new rule prospectively to cases tried after the date of this opinion, but the majority does not agree.

2. Care should be taken to see that judgments nisi are made a part of the appellate record.

"As a prerequisite to a judgment final, the state must prove the allegations of the petition. The bond and the judgment nisi comprise the proof, and a judgment against the obligors in the absence of this proof is not authorized. . . ."

The practice is explained in *Hester v. State,* 15 Tex.App. 418 (1884), where the court discussed bond forfeiture proceedings by saying:

". . . It must be remembered, however, that all the proceedings in such cases are *ex parte* up to the service of the *scire facias* on the sureties. After such service for the first time have these sureties the right to be heard in the case; and none of the previous proceedings are binding upon them until they have had an opportunity of showing 'why the judgment *nisi* shall not be made final.' By their general denial they say, in effect, to the State, 'you have no bond.' The State must meet this denial by producing the bond in evidence, just as the plaintiff is required to produce in evidence his promissory note where the general denial is pleaded to an action upon it. As was said by this court in *Houston et al. v. The State,* 13 Texas Court of Appeals, 560: 'A proceeding upon a forfeited bail bond is in effect a suit upon the bond, in which the *scire facias* serves the purpose of both a petition and a citation. Its foundation is the bond and the judicial declaration of the forfeiture of the bond, which is the judgment *nisi.* To entitle the State to a judgment final it must prove the cause of action as in a civil suit. This proof is made by, first, the bond, and, second, the judgment *nisi* declaring its forfeiture.'

"Because the judgments final were rendered without sufficient evidence to support them, the judgment in each of these cases is reversed and each of the cases remanded for a new trial."

In addition to the proceedings being ex parte up to the service of the scire facias on the sureties, a judgment nisi may not be valid for a number of reasons. A judgment nisi omitting any of the statutory require-ments will not support a final judgment of forfeiture. See Article 22.02, Vernon's Ann.C.C.P., note # 6. For example, the judgment nisi must recite that it "will be made final, unless good cause be shown why the defendant did not appear." See Article 22.02, supra. "This requirement is mandatory." 7 Tex.Jur.2d Rev., Part 2, Bail and Recognizance, § 63, p. 672. If there is an absence of such recitation, the judgment nisi will not support a final judgment. Id. *Bailey v. State,* 22 S.W. 40 (Tex.Cr.App. 1893). Further, the names of all the parties to the undertaking or bail bond are an essential part of the judgment nisi, inasmuch as the judgment must be rendered against the principal as well as against the sureties. A failure to name all the obligors in the judgment nisi is reversible error. *Douglas v. State,* 26 Tex.App. 248, 9 S.W. 733 (Tex.Ct.App.1888); *Fitzgerald v. State,* 88 Tex.Cr.R. 268, 225 S.W. 1096 (1920). Further, a variance between the judgment nisi and the bond may be fatal. A variance between the names of the parties to the bond and the names of the parties against whom the judgment nisi is taken is fatal, unless there is a finding that names refer to and describe the same persons. *Cooper v. State,* 91 Tex.Cr.R. 289, 238 S.W. 658 (1922); *Bowen v. State,* 413 S.W.2d 915 (Tex.Cr. App.1967); *Overton v. State,* 413 S.W.2d 920 (Tex.Cr.App.1967). A fatal variance occurs where the offense named in the bond differs from that specified in the indictment and the judgment nisi. *Shropshire v. State,* 433 S.W.2d 898 (Tex.Cr.App.1968); *Morgan v. State,* 157 Tex.Cr.R. 117, 247 S.W.2d 94 (1952).

In *Morgan v. State,* supra, it was pointed out that the variance between the bond and the judgment nisi may be of such a nature and seriousness as to render the judgment nisi defective, and the parties to the bond would be deprived of the right to urge such fatal variance in the absence of an effort by the State to introduce the judgment nisi in evidence.

From the foregoing it is easy to understand why the cases have held that the introduction of a judgment nisi in a hearing

to make that instrument final is essential and necessary. It cannot be said, as does the majority, that the rule has no sound basis in policy or logic.

It is, of course, true that generally a trial court can take judicial notice of the judgments and orders entered in the same cause, both civil and criminal.

In 23 Tex.Jur.2d, Evidence, § 26, p. 46, it is written:

". . . a trial court does know judicially the contents of the record and all prior proceedings in a civil cause that is presently before the court. Thus, the court knows judicially the date on which the suit and the pleadings therein were filed, the contents of the pleadings, whether or not money has been deposited in court, and all previous orders, *judgments,* and decrees entered in the cause." (Emphasis supplied.) See also McCormick and Ray, Texas Law of Evidence, § 185, pp. 202–203.

This rule of judicial notice does not appear to make exceptions as to different types of judgments.

This writer has been unable to find any Texas case where this rule of judicial notice has been applied to a judgment nisi in a bond forfeiture proceeding.

The question was raised in *Morgan v. State,* supra, in a similar situation as in the instant case. There the State did not introduce the judgment nisi into evidence. It was, however, found in the record on appeal. The State urged that the trial court could and would take judicial knowledge of its own judgments and therefore the introduction of the judgment nisi into evidence was unnecessary. The court determined it was unnecessary to pass on the question presented because a fatal variance was observed between the bond and the judgment nisi, and observed, as noted above, that the failure to introduce the judgment nisi prevented the parties to the bond from urging the variance. The cause was reversed for the failure to introduce the judgment nisi.

The rule that the failure to introduce the judgment nisi in evidence is fatal to a valid

final judgment of forfeiture should continue to be the rule with the exception or modification that where the final judgment or record reflects the trial court took judicial knowledge of the judgment nisi, not introduced into evidence, and the same is a part of the appellate record and there are no fatal variances between the bond and the judgment nisi, the final judgment of forfeiture can be affirmed without the necessity of reversal.

In the instant case the judgment nisi, although not introduced into evidence, is in the appellate record, shows it was signed by the judge who conducted the subsequent hearing and was filed and made part of the trial court's records long prior to the hearing. An examination of the judgment nisi reveals no variance between it and the bond, and the appellant has not pointed out any variance. While the trial judge did not say he was taking judicial knowledge of the judgment nisi, the final judgment indicated he did.

While the judgment nisi should have been introduced, I think a reversal under the circumstances of the instant case would be absurd, a mere spinning of judicial wheels. I would establish the above described narrow exception to the rule that the judgment nisi must always be introduced and affirm this case.

In my opinion the majority goes too far in eliminating the requirement that the judgment nisi be introduced into evidence. The effect of the majority's holding will encourage the State not to introduce the judgment nisi and the court to take judicial notice. We may soon be flooded with appeals where no judgment nisi is introduced, no judgment nisi appears in the appellate record, and a claim of judicial notice is advanced on appeal. Will we have to send for the judgment nisi, if one, and further delay the appeal and the ends of justice?

For the reasons stated, I concur.