# The Attorney General of Texas

**JIM MATTOX**

, torney General

: preme Court Building
I O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
1 ex 910/874-1367
1 ecopier 512/475-0266

7 1 Jackson, Suite 700
[ llas, TX. 75202-4506
2 4/742-8944

4 24 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
7 V223-5886

806 Broadway, Suite 312
L obock, TX. 79401-3479
E V747-5238

4 )9 N. Tenth, Suite B
I Allen, TX. 78501-1685
512/682-4547

2 ) Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 27, 1984

Honorable Patrick J. Ridley
Bell County Attorney
P. O. Box 474
Belton, Texas    76513

Opinion No.  JM-271

Re:   Whether  a  sheriff  must
accept  a  bail  bond  to  obtain
the  release  of  a  person  held
on a warrant or capias issued
in another county

Dear Mr. Ridley:

You inform us that a problem is presented in the application of
article 2372p-3, section 14(a), when a person is arrested and charged
with a criminal violation occurring in one county, and, while he is in
detention, it is discovered that a capias or a warrant has been issued
on that individual by another county.  The accused offers to post bail
bonds on all criminal offenses through a bail bondsman licensed by the
bail bond board in the county in which the accused was arrested, but
not licensed in the county in which it is discovered that a capias or
a warrant has been issued.

In that regard you ask:

> Pursuant to Vernon's Civ. Ann. St. Art. 2372p-3,
> sec. 14(a), is a sheriff in the county of arrest
> required to accept a bail bond from a bondsman
> licensed in the county of arrest, when that bond
> is offered to obtain the release of the arrested
> person who is held on a warrant [or capias] issued
> in a county other than the one in which the person
> was arrested?

We conclude that article 2372p-3, section 14(a), V.T.C.S., requires a
sheriff in the county of arrest to accept and approve a bail bond
offered by a bail bondsman licensed in the county of arrest to obtain
the release of the accused who is being held on an out-of-county
capias or warrant.  This construction of article 2372p-3, section
14(a), does not conflict with other provisions of the Texas Code of
Criminal Procedure and is consistent with the intent and purpose of
the Bail Bondsman Act.

Article 2372p-3, section 14(a) provides:

> Sec. 14. (a) In any county or district case in which the posting of bonds is required as a condition of release, **the sheriff shall accept or approve a bond posted by a licensed bondsman only in accordance with this Act and the rules prescribed by the board, but a sheriff may not refuse to accept a bail bond from a licensed bondsman who meets the requirements of Subdivision (4) or (5) of Subsection (a) of Section 6 of this Act.**

**Id.** (Emphasis added).

In 1973, the Sixty-third Legislature declared that the business of executing bail bonds was a business affecting the public interest, and, as a result, the Bail Bondsman Act was enacted. V.T.C.S. art. 2372p-3. The Supreme Court of Texas upheld the constitutionality of the act in 1974. See Robinson v. Hill, 507 S.W.2d 521 (Tex. 1974). The act has been amended three times in order to effectuate the intent of the legislature, which is to preserve the constitutional right to bail and to provide practical procedures governing the giving or making of bail bond and other security to guarantee the appearance of the accused. See V.T.C.S. art. 2372p-3, §1 as amended.

As a preliminary consideration, article 2372p-3, section 14(a), V.T.C.S., does not regulate the "taking of bail"; it merely prescribes the procedure whereby a sheriff shall accept or approve a bond posted by a licensed bondsman. **Id.** The Court of Criminal Appeals has adopted this office's interpretation of the concept "take" or "taking" bond to mean the regulation of the amount of bail to be posted by the accused. See Hokr v. State, 545 S.W.2d 463 (Tex. Crim. App. 1977) (adopting Attorney General Opinion H-856 (1976), interpreting article 17.20 of the Code of Criminal Procedure). We agree that this construction should also be applied when it is referenced elsewhere in the Code of Criminal Procedure. See Code Crim. Proc. arts. 15.18 (arrest for out-of-county offense), 17.05 (when bail is given), 17.22 (bail in felony cases), 23.11 (sheriff may take bail in felony case), 23.12 (court shall fix bail in felony), 23.14 (bail in misdemeanor cases), 23.17 (return of bail and capias).

We believe that article 2372p-3, section 14(a), V.T.C.S., is mandatory because it prescribes the circumstances by which a public officer shall perform his statutory duty. See State v. Fox, 133 S.W.2d 987 (Tex. Civ. App. - Austin 1939, writ ref'd); Sutherland Stat. Construc. §57.14 (4th ed.). Thus, a sheriff is required to accept or approve a bond posted by a bondsman licensed in accordance with the Bail Bondsman Act and the rules prescribed by the county bail bondsman board. The sheriff is also required to accept or approve a bond posted by a licensed bail bondsman who has furnished the county

bail bond board with information regarding security for the payment of bail bonds in the form of a sworn application. See V.T.C.S. art. 2372p-3, sec. 14(a); V.T.C.S. art. 2372p-3, sec. 6. The mandate is especially applicable when the bondsman is licensed in the county of arrest because the sheriff has the necessary financial information to determine whether there will be sufficient security to ensure the presence of the accused.

In regard to your first question, there is no apparent conflict between article 15.18 of the Code of Criminal Procedure and section 14(a) of article 2372p-3. Article 15.18 of the Code of Criminal Procedure provides:

> One arrested under a warrant issued in a county other than the one in which the person is arrested shall be taken before a magistrate of the county where the arrest takes place who shall take bail, if allowed by law, and immediately transmit the bond taken to the court having jurisdiction of the offense.

Id. (Emphasis added).

Thus, if the accused is arrested under a warrant issued in a county other than the one in which he was arrested, the accused shall be taken before a local magistrate "who shall take bail, if allowed by law, and immediately transmit the bond taken to the court. . . ." See Lyles v. State, 653 S.W.2d 775 (Tex. Crim. App. 1983) (Clinton, J., concurring, p. 780, n. 2). Likewise, the Texas Court of Criminal Appeals held that article 15.18 is a procedural mandate by the legislature for one arrested under a warrant issued in another county. See Gant v. State, 649 S.W.2d 30 (Tex. Crim. App. 1983), cert. denied, 104 S. Ct. 122 (1983).

The sheriff's duty to accept bond under article 2372p-3, section 14(a), V.T.C.S., remains. The magistrate regulates the amount of bail and the sheriff is then required to allow the accused the right to post bond. If the bond is posted by a bondsman licensed in the county of arrest, section 14(a) requires the sheriff to accept or approve the bond so long as the licensed bondsman has complied with the provisions of the Bail Bondsman Act. Once the bond is posted on the out-of-county warrant, the accused should be released from the custody of the sheriff, and the bond is then transmitted to the court having jurisdiction in the county where the warrant was issued. See Code of Crim. Proc. art. 15.18.

In regard to your second question, the sheriff is again required to accept or approve a bond posted by a licensed bondsman if the accused has been detained on an out-of-county capias. V.T.C.S. art.

2372p-3, sec. 14(a). The capias is a command to any peace officer of the State of Texas to arrest the named accused and bring him before the court at a time prescribed therein. See Code Crim. Proc. arts. 23.01, 23.02. A capias may be issued in either a felony or misdemeanor case. See Code Crim. Proc. arts. 23.03, 23.04. In certain instances the sheriff may regulate the amount of bail to be posted by the accused. See Code Crim. Proc. arts. 23.11, 23.14. Article 23.17, Code of Criminal Procedure, provides that "when an arrest has been made and a bail taken, such bond, together with the capias, shall be returned forthwith to the proper court." Id. Therefore, the sheriff is still required to comply with the mandatory language of article 2372p-3, section 14(a), V.T.C.S., and accept or approve bail posted by a bail bondsman licensed in the county of arrest. We believe that this construction of article 2372p-3, section 14(a), will not frustrate the purpose of the Bail Bondsman Act.

## S U M M A R Y

Article 2372p-3, section 14(a), V.T.C.S., requires a sheriff in the county of arrest to accept and approve a bail bond offered by a bail bondsman licensed in the county of arrest to obtain the release of the accused who is being held on an out-of-county capias or warrant.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton