NUMBER
13-01-00822-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

 

GUY WILLIAMS D/B/A
FREEDOM BAIL BONDS,                      Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

     On appeal from the
319th District Court of Nueces County, Texas.

 

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








This is an appeal from a
final judgment forfeiting a bail bond after entry of a judgment nisi.  By a single point of error, appellant, Guy
Williams d/b/a Freedom Bail Bonds, complains the trial court erred in rendering
the final judgment because the bail bond was not admitted into evidence.  We reverse and render.

A.  Background

Derick D. Smith was
charged with the offense of possession of a controlled substance.  He was released from jail on a $3,500 bail
bond.  Smith failed to appear at his
trial on July 5, 2001, and the trial court entered a judgment nisi on
July 18, 2001.  The judgment nisi
recites that appellant is the surety on Smith=s bond. 
Citation was issued and served on appellant as surety on the bail
bond.  In accordance with Texas Rule of
Civil Procedure 93, appellant filed a verified answer specifically denying that
he or Smith had signed the bond.

On October 1, 2001, both
the State and appellant appeared for trial. 
The following then occurred: 

Ms.  Fuentes:         Monica
Fuentes for the County Attorney.  On July
5th of 2001, Derick Devon Smith in Cause No. 01-4136-G, failed to appear for a
trial, and he entered into a bond on December 6th of 2000 with Freedom Bail
Bonds in the amount of $3,500, and we ask that you take judicial notice of the nisi,
the bond, and the bailiff=s affidavit.

 

The
Court:             Okay.  So noted.

 

Mr.  Williams:        Your
Honor, the defendant would object to the Court taking judicial notice of the nisi,
the bond, and the bailiff=s affidavit as documents
under dispute  which are not appropriate
for judicial notice, number one.  Number
two, would object as to hearsay and lack of authentication, and no predicate.

 

The
Court:             Okay.  Your objection is
overruled.  I=m going to take judicial
notice of the bailiff=s certificate, as well
as the bond and the judgment nisi. 
Okay.  Any argument?

 

Neither the judgment nisi,
the bond, nor the affidavit were offered or admitted into evidence.








B.  Analysis

Appellant contends the
State failed to meet its burden of proof at trial because it did not introduce
the bail bond into evidence.  We agree.

In bail bond forfeiture
trials, the State has the burden of proof. 
See Deckard v.  State, 615
S.W.2d 717, 718 (Tex. Crim. App. [Panel Op.] 1981); Deckard v. State,
605 S.W.2d 918, 921 (Tex. Crim. App. [Panel Op.] 1980).  The bond and the judgment nisi are the
two essential elements of the State=s cause of action.[1]
Tocher v. State, 517 S.W.2d 299, 301 (Tex. Crim. App. 1975).  Traditionally, in a bail bond forfeiture
trial, it has been necessary for the State to present and offer the bond and
the judgment nisi into evidence. 
In an 1884 bail bond forfeiture case, the Court of Appeals of Texas
stated:

In answer to the scire
facias the sureties had, amongst other things, pleaded a general
denial.  This plea, since the proceedings
are in the nature of a civil action upon the bond, would necessarily make it
incumbent upon the State to produce the bond into evidence.

 








But it may be said that has already been done on
the forfeiture proceedings before judgment nisi, and that the judgment nisi
is conclusive of the matter.  It must be
remembered, however, that all proceedings in such cases are ex parte up
to the service of the scire facias on the sureties.  After such service for the first time these
sureties have a right to be heard in the case; and none of the previous
proceedings are binding upon them until they have had an opportunity of showing
Awhy the judgment nisi
shall not be made final.@ By their general denial
they say, in effect, to the State, Ayou have no bond.@  The State must meet this denial by producing
the bond into evidence, just as the plaintiff is required to produce in
evidence his promissory note where the general denial is pleaded to an action
upon it.  As was said by this court in Houston
et al. v. the State, 13 Tex. Ct. App. 560: 
AA proceeding upon a
forfeited bail bond is in effect a suit against the bond, in which the scire
facias serves the purpose of both a petition and a citation.  Its foundation is the bond and the judicial
declaration of the forfeiture of the bond, which is the judgment nisi.  To entitle the State to a judgment final it
must prove the cause of action as in a civil suit.  This proof is made by, first, the bond, and,
second, the judgment nisi declaring its forfeiture.

  

Hester v.
State,
15 Tex. Ct. App. 418, 419-20 (1884), overruled in part by Hokr v.
State, 545 S.W.2d 463 (Tex. Crim. App. 1977).

It is no longer necessary for the State to introduce the judgment nisi
into evidence.  In Hokr, the court
of criminal appeals held that a trial court may take judicial notice of the
judgment nisi.  Hokr, 545
S.W.2d at 466.  However, the Hokr
court did not address whether a trial court may take judicial notice of the
bail bond because the bond in that case had been admitted into evidence.  See id.  We have found no authority allowing a trial
court to take judicial notice of a bond in a bail bond forfeiture
proceeding.  Consequently, we conclude
the State must offer into evidence the original bail bond in order to be
entitled to a final judgment.  See
Hester, 15 Tex. Ct. App. at 420.

In the instant case, appellant specifically denied by verified pleading
that he or Smith had signed the bail bond. 
Because appellant put the bail bond at issue, we hold the State was
required to present the bond at trial and offer it into evidence.

Further, Texas Rule of Evidence 201 provides that a judicially noticed
fact must be one not subject to reasonable dispute and capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be
questioned.  Tex. R. Evid. 201(b).  Because appellant denied having signed the
bond, we conclude it was subject to reasonable dispute.  Therefore, judicial notice of the bond was
improper.

Because the State failed to introduce the bail bond into evidence, we
hold it failed to meet its burden of proof. 
Appellant=s sole point of error is
sustained.








The trial court=s final judgment is
reversed and judgment is rendered that the State take nothing against
appellant.

FEDERICO G.
HINOJOSA

Justice

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

8th day of August, 2002.











[1]
A bond forfeiture is
a criminal action governed by the rules of civil procedure.  Tinker v. State, 561 S.W.2d 200,
201(Tex. Crim. App. 1978); Marroquin v. State, 953 S.W.2d 829, 830 (Tex.
App.BCorpus Christi 1997, no
pet.).