

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 18, 2006

The Honorable Jaime Esparza
District Attorney
34th Judicial District
El Paso County Courthouse
500 East San Antonio Street, 2nd Floor
El Paso, Texas 79901-2420

Opinion No. GA-0457

Re: Whether City of El Paso police officers may set reasonable bail for both misdemeanor and felony arrestees pursuant to Code of Criminal Procedure articles 17.05, 17.20, and 17.22 (RQ-0439-GA)

Dear Mr. Esparza:

You ask two questions relating to current bail-setting processes in El Paso County.[1] You ask first whether "municipal police officers of the City of El Paso" may set "reasonable bail for both misdemeanor and felony arrestees pursuant to articles 17.05, 17.20, and 17.22 of the Code of Criminal Procedure." Request Letter, *supra* note 1, at 1; *see also* TEX. CODE CRIM. PROC. ANN. arts. 17.05, 17.20, 17.22 (Vernon 2005). You also ask whether the El Paso County Sheriff may accept into the county jail arrestees whose bail has been set by municipal police officers if the arrestee does not appear before a magistrate within the time periods set forth in and consistent with articles 14.06, 15.17, and 17.033 of the Code of Criminal Procedure. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. CODE CRIM. PROC. ANN. arts. 14.06, 15.17 (Vernon Supp. 2006), art. 17.033 (Vernon 2005).

You inform us that in 1994 the District Attorney for the 34th Judicial District created the "District Attorney's Information Management System" or "DIMS" to allow the prosecutor "to screen warrantless-arrest cases presented by peace officers." Request Letter, *supra* note 1, at 1, 5. Under DIMS, a peace officer who has made a warrantless arrest presents the case to "duly qualified attorneys" that your office provides "to operate a 24-hour screening unit accessible to the El Paso Police Department every hour of the day, every day of the year." *Id.* at 5. The attorney then "makes a charging decision within minutes or hours of a person's arrest" and may file the case within 24 to 72 hours of the offense if the case is accepted for prosecution. *Id.*

You suggest that DIMS accelerates not only the prosecution of these cases but also accelerates the bail-setting process. As you describe it, if the assistant district attorney provided

---

[1]*See* Letter from Honorable Jaime Esparza, District Attorney, 34th Judicial District, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Feb. 1, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

under DIMS accepts a case for prosecution, the arrestee "would be taken to the county jail and accepted into the custody of the Sheriff of El Paso County." *Id.* at 1. There, "under the authority of articles 17.05, 17.20, and 17.22 of the Code of Criminal Procedure, if desired by the arrestee, the Sheriff would take reasonable bail from the arrestee (based upon information relayed from the arresting officer and the accepting assistant district attorney from a recommended bail schedule approved by the El Paso County Council of Judges) and release him from custody." *Id.* at 2; *see also Hokr v. State*, 545 S.W.2d 463, 465 (Tex. Crim. App. 1977) (stating that the authority to "take bail" includes bail-setting authority). But you state that in November 2005 the sheriff stopped setting bail for DIMS[2] and now "requires that all arrestees appear before a magistrate for the setting of bail ... to receive ... all of the warnings, admonishments, and information required by articles 17.033, 14.06, and 15.17 of the Code of Criminal Procedure before being allowed into the county jail." Request Letter, *supra* note 1, at 2. According to your letter, the City of El Paso is willing for its municipal police officers to take over the bail-setting responsibilities

> in both misdemeanor and felony cases on a case-by-case basis, assisted by the recommended bail schedule approved by the El Paso County Council of Judges . . . . This would be accomplished by the assistant district attorney who accepts the case for prosecution relaying the recommended bond amount from the schedule to the arresting officer along with any other pertinent information such as any prior criminal history for the arrestee. The arresting officer would have final authority to set the bond for the arrestee before the arrestee is taken to county jail.

*Id.* at 2. You ask, therefore, whether municipal police officers may set bail in a warrantless arrest case and, if so, whether the sheriff may accept into the county jail an arrestee whose bail has been set by a municipal police officer. *See id.* at 1.

## I.    Relevant Statutes

A peace officer, which includes for purposes of the Code of Criminal Procedure a municipal police officer, may arrest a person without a warrant in limited circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(3) (Vernon Supp. 2006) (listing individuals who serve as peace officers). For example, an officer may arrest a person who commits a felony or an offense against the public peace in the officer's presence or view. *See id.* art. 14.01 (Vernon 2005) ("Offense within view"). Likewise, a peace officer may, without a warrant, arrest a person found in a suspicious place under

---

[2]A letter submitted to this office suggests that, contrary to your assertions, it is not the sheriff but assistant district attorneys who have been setting bail under DIMS. *See* Letter from Theresa Caballero, Attorney at Law, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 1 (Mar. 23, 2006) (on file with the Opinion Committee). This office cannot resolve disputes of fact in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). We accordingly assume that the facts you, as the requestor, have provided are correct. *See* Tex. Att'y Gen. Op. No. GA-0249 (2004) at 2 (assuming that the facts as set forth by the requesting governmental body are correct for purposes of an opinion despite the assertion of numerous fact issues by a briefer).

circumstances that reasonably show the person is guilty of a felony or breach of the peace or a person whom the officer has probable cause to believe has assaulted another person, resulting in bodily injury. *See id.* art. 14.03(a)(1)–(5), (b), (d), (g) (Vernon Supp. 2006) ("Authority of peace officers"); *see also id.* art. 14.02 (Vernon 2005) ("Within view of magistrate"); *id.* art. 14.04 ("When felony has been committed").

Chapter 17 of the Code of Criminal Procedure, from which you cite several articles, governs the setting of bail for persons arrested on criminal charges. The word "bail" is defined as "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." *Id.* art. 17.01 (Vernon 2005); *see also id.* arts. 17.02–.03 (defining "bail bond" and providing for personal bond). Article 17.033 requires that a person who has been arrested without a warrant be released on bond within a specified time:

> (a) [Unless an attorney for the prosecution requests a postponement under subsection (c)], a person who is arrested [for a misdemeanor] without a warrant and who is detained in jail must be released on bond, in an amount not to exceed $5,000, not later than the 24th hour after the person's arrest if . . . a magistrate has not determined whether probable cause exists to believe that the person committed the offense. . . .

> (b) [Unless an attorney for the prosecution requests a postponement under subsection (c)], a person who is arrested [for a felony] without a warrant and who is detained in jail must be released on bond, in an amount not to exceed $10,000, not later than the 48th hour after the person's arrest if . . . a magistrate has not determined whether probable cause exists to believe that the person committed the offense.

*Id.* art. 17.033(a)–(b).

Under article 17.05, a bail bond is "entered into either before a magistrate, . . . or . . . a judge . . . ; *or it is taken . . . by a peace officer* if authorized by Article 17.20, 17.21, or 17.22." *Id.* art. 17.05 (emphasis added). "The amount of bail to be required" in a particular case is within the discretion of "the court, judge, magistrate or *officer* taking the bail" in accordance with the constitution and statutory rules. *Id.* art. 17.15 (emphasis added). Article 17.20 states that a peace officer may "take" of a defendant a bail bond "in cases of misdemeanor, . . . whether during the term of the court or in vacation, where he has a defendant in custody." *Id.* art. 17.20. Under article 17.21, in a felony case where "the court before which the prosecution is pending is in session in the county where the accused is in custody," the court must determine whether and in what amount to set bail, "and the sheriff, or other peace officer, unless it be the police of a city, is authorized to take a bail bond of the accused in the amount as fixed by the court . . . ." *Id.* art. 17.21. And under article 17.22, in a felony case where the appropriate court "is not in session in the county where the

defendant is in custody, the sheriff, or other peace officer having him in custody, may take his bail bond in such amount as may have been fixed by the court or magistrate, *or if no amount has been fixed, then in such amount as such officer may consider reasonable.*" *Id.* art. 17.22 (emphasis added).

## II.     Analysis

From materials you submitted with your request, it appears that the issue you ask us to resolve may be implicated in pending litigation. *See Terrell v. City of El Paso*, No. 04-51281, 2006 WL 1049041, at *1 (5th Cir. Apr. 20, 2006) (dismissing appeal for lack of jurisdiction without prejudice to refile and noting that the "appeal is ineffective at this time" because claims and issues remain pending in district court); *Battakis v. City of El Paso*, No. 05-CV-402-FM (W.D. Tex. filed Nov. 30, 2005). This office's long-standing policy is "to refrain from answering questions pending in the courts." Tex. Att'y Gen. Op. No. JM-600 (1986) at 1; *accord* Tex. Att'y Gen. Op. No. GA-0399 (2006) at 3 n.5. You have represented to this office, however, that the issue you raise is, in fact, not before a court, and we accept your representations. *See* Tex. Att'y Gen. Op. No. GA-0249 (2004) at 2 (assuming that the facts as articulated by the requesting governmental body are correct). We will therefore answer your questions.[3]

You aver that articles 17.20 and 17.22 permit a municipal police officer to set and take bail. *See* Request Letter, *supra* note 1, at 12. We consider a peace officer's authority in misdemeanor cases and felony cases separately.

Article 17.20, relating to misdemeanor cases, permits a sheriff or other peace officer "whether during the term of the court or in vacation, where he has a defendant in custody, [to] take of the defendant a bail bond." TEX. CODE CRIM. PROC. ANN. art. 17.20 (Vernon 2005). Article 17.20 on its face authorizes a peace officer to set a bail bond for a defendant arrested on a misdemeanor charge, whether or not the defendant has been assigned to a particular court or whether or not the court is in session. *See also Hokr*, 545 S.W.2d at 465 (concluding that in certain circumstances a peace officer "may set and take a bail bond" before the defendant is formally charged). We accordingly conclude that article 17.20 authorizes City of El Paso municipal police officers to set reasonable bail for defendants arrested on misdemeanor charges.

Articles 17.21 and 17.22 together regulate the taking of bail in felony cases. Article 17.21 governs those felony cases in which a prosecution is pending. *See* TEX. CODE CRIM. PROC. ANN. art. 17.21 (Vernon 2005). In such cases, "the court shall fix the amount of bail . . . and determine if the accused is eligible for a personal bond; and the sheriff, or other peace officer, unless it be the police

---

[3]We answer only the statutory questions you expressly ask. We do not answer any of the constitutional issues that a brief submitted by another attorney to this office raises. *See* Brief from Sam Snoddy, Attorney at Law, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 10–15 (Mar. 2, 2006) (on file with the Opinion Committee). The Attorney General is authorized to respond to opinion requests from only those persons listed in Government Code section 402.042(b). *See* TEX. GOV'T CODE ANN. § 402.042(b) (Vernon 2005). The briefer is not an authorized requestor. *See id.*

of a city, [may] take a bail bond . . . in the amount as fixed by the court." *Id.* Then, under article 17.22,

> if the court before which the [felony case] is pending is not in session in the county where the defendant is in custody, the sheriff, or other peace officer having him in custody, may take his bail bond in such amount as may have been fixed by the court or magistrate, *or if no amount has been fixed, then in such amount as such officer may consider reasonable.*

*Id.* art. 17.22 (emphasis added). Article 17.22 provides for those felony cases in which a prosecution is pending but the appropriate court is not in session or in which a prosecution is not yet pending. Thus, under article 17.22, a peace officer may take a bail bond of a defendant whose bail has been set by a court, but if no prosecution is pending, a peace officer may set and take a "reasonable" amount as bail. *Id.* Consequently, to answer your question with respect to felonies, article 17.22 authorizes City of El Paso municipal police officers to set reasonable bail for defendants whose prosecutions are not yet pending before a court.

We next consider your second question, whether the El Paso County Sheriff may accept into the county jail a defendant whose bail has been set by a municipal police officer "without the arrestee appearing before a magistrate for up to 24 hours in a misdemeanor case and for up to 48 hours in a felony case before the requirements of articles 14.06, 15.17, and 17.033 of the Code of Criminal Procedure must be satisfied." Request Letter, *supra* note 1, at 1.

A sheriff is the keeper of the county jail and "shall safely keep all prisoners committed to the jail by a lawful authority." TEX. LOC. GOV'T CODE ANN. § 351.041(a) (Vernon 2005). Under Code of Criminal Procedure article 2.18, the sheriff *must* place a prisoner in jail when the prisoner "is committed to jail by warrant from a magistrate or court." TEX. CODE CRIM. PROC. ANN. art. 2.18 (Vernon 2005).

On the other hand, a sheriff *may* accept into the county jail a prisoner lawfully arrested by a municipal police officer. *See id.* art. 45.015 (Vernon Supp. 2006); Tex. Att'y Gen. Op. No. JM-151 (1984) at 2. The fact that a municipal police officer set bail for a defendant under article 17.20 or 17.22 does not make an arrest unlawful.

A sheriff may accept into the county jail a defendant arrested by a municipal police officer before the defendant has been taken before a magistrate. But under article 17.033(a), a defendant arrested on a misdemeanor charge who is detained in jail "must be released on bond . . . not later than the 24th hour after the person's arrest if . . . a magistrate has not determined whether probable cause exists to believe that the person committed the offense." TEX. CODE CRIM. PROC. ANN. art. 17.033(a) (Vernon 2005). And under article 17.033(b), a defendant arrested on a felony charge who is detained in jail "must be released on bond . . . not later than the 48th hour after the person's arrest if . . . a magistrate has not determined whether probable cause exists to believe that the person committed the offense." *Id.* art. 17.033(b); *see also id.* arts. 14.06(a), 15.17(a) (Vernon Supp. 2006)

(requiring that a defendant must be brought before a magistrate for an article 15.17 proceeding "without unnecessary delay, but not later than 48 hours after the person is arrested" so that a magistrate may inform the defendant of his or her rights). Accordingly, a defendant charged with a misdemeanor whose bail has been set by a municipal police officer but who is detained in jail must be brought before a magistrate within 24 hours of the arrest if a magistrate has not determined that probable cause exists to believe the person committed the offense. *See id.* art. 17.033(a) (Vernon 2005). Likewise, a defendant charged with a felony whose bail has been set by a police officer but who is detained in jail must be brought before a magistrate within 48 hours of the arrest if a magistrate has not determined that probable cause exists to believe the person committed the offense. *See id.* art. 17.033(b).

## S U M M A R Y

Under Code of Criminal Procedure article 17.20, a City of El Paso municipal police officer may set reasonable bail for defendants arrested on misdemeanor charges. And under article 17.22, a City of El Paso municipal police officer may set reasonable bail for defendants arrested on felony charges if no prosecution has yet been filed.

The El Paso County Sheriff may, but is not required to, accept into the county jail a defendant whose bail has been set by a municipal police officer. If a magistrate has not determined whether probable cause exists to believe that such a defendant committed the offense charged, however, the defendant must be brought before a magistrate within 24 hours of an arrest on a misdemeanor charge or 48 hours of an arrest on a felony charge. *See* TEX. CODE CRIM. PROC. ANN. art. 17.033(a)–(b) (Vernon 2005).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee